ROBERT MILLER, Appellant, *v.* ANDREW COATES, Impleaded, etc., Respondent.

(Argued April 11, 1876; decided April 18, 1876.)

THE complaint in this action alleged, in substance, that the parties entered into an agreement in Scotland by which plaintiff agreed to come to the United States for the purpose of introducing into the markets of this country "Andrew Coates' best linen and shoe thread," which were manufactured by defendant.    Defendant was to pay plaintiff's expenses for passage, and to pay him $2,000, for one year, for his personal expenses, to furnish him with goods, pay the expenses of the business, and, at the end of the year, defendant, if he saw fit, could abandon the enterprise, and plaintiff was to have no other claim save the $2,000.    In case defendant chose to continue the business at the end of the year, plaintiff was to receive and be paid for his services the same allowance, and an additional amount to be subsequently determined and calculated upon the basis of the future increase of the business, the value of the same, and the value, success and merit of plaintiff's services, and, also, that plaintiff was to have a share in the profits.    That, under such agreement, plaintiff came to New York in 1866, opened an office, and commenced business, which he succeeded in making profitable, so that at the end

of the year defendant determined to continue it. That plaintiff, by his efforts and labors, made defendant's thread the leading article in the market, and the business rapidly extended and was very profitable. That plaintiff so continued the business until 1871, when, without cause, he was discharged, and the management of the business taken from him. That at the time there remained due him of the sum of $2,000 allowed him for personal expenses the sum of $5,000, besides his claim for services under and in pursuance of said agreement; that plaintiff, needing money, for the purpose of obtaining the $5,000 which defendant conceded to be his due, but which he refused to pay unless plaintiff would execute a receipt in full, was induced to sign a receipt releasing and withdrawing all claim under said agreement. Plaintiff asked that defendant be required to account and pay to him the value of his services, his proper share of the profits, the good-will and value of the business, etc. Defendant Coates demurred that the complaint did not set forth a cause of action. The demurrer was sustained below. *Held*, error; that under the agreement plaintiff was entitled to demand at least the $5,000, together with what his services were reasonably worth in addition; that the allegation as to the giving a receipt was unnecessary, but did not show a compromise of the claim in excess of the $5,000 paid, or any attempt to adjust and settle the same; that there was no accord and satisfaction, or any payment on account of said claim, but merely a payment of an acknowledged indebtedness entirely independent of said claims; and that the receipt of the $5,000 furnished no consideration for an agreement not to make any further claim. (*Ryan* v. *Ward*, 48 N. Y., 204.)

*George N. Williams* for the appellant.

*James N. Varnum* for the respondent.

*Per curiam* opinion for reversal of judgment of General Term and affirmance of order of Special Term.
All concur.
Judgment affirmed.