GEORGE S. WRIGHT, Appellant, v. ABBIE J. FLEMING et al., Respondents.

Plaintiff's complaint alleged, in substance, that upon a final accounting by him as administrator of the estate of W., he presented to the surrogate certain instruments under seal, executed by certain of the next of kin (defendants herein), releasing him from liability for, and assigning to him their distributive shares of said estate; that the solicitor for said next of kin stated before the surrogate his intention to dispute the effect, force and validity of said instruments, and asked the surrogate to disregard them; that said surrogate announced his intention to disregard them, and was about to enter a decree in favor of the parties, whom he had paid and settled with, for a large amount, which would be to plaintiff's great and irreparable injury. It also alleged that Y., a daughter of the intestate, died prior to the accounting, leaving a will, which was left with said surrogate for probate, and probate applied for; but that no proceedings had been taken for that purpose, and the interest of the testator in the estate was unrepresented in the proceedings for settlement. Plaintiff asked that defendants be restrained from entering any decree requiring him to pay any sum to those who executed said instruments, and from entering any decree until the interest of Y. was represented before the surrogate. Upon demurrer to the complaint, *held*, that it did not state facts sufficient to constitute a cause of action.

It *seems*, that there could be no final and complete settlement of the plaintiff's account until the estate of Y. could be represented, and until it was determined by authentic adjudication whether the said instruments were valid, and what was their force and effect; that upon an amendment of the complaint so as to tender an issue upon the validity and effect of the instruments, plaintiff would be entitled to an injunction restraining proceedings before the surrogate, so far as that a final decree should not be entered rendering his release of no avail, and until, by proper appearance of all parties concerned, plaintiff's accounting would be final, leaving it to proceed so far as to ascertain the balance for or against plaintiff, and to have all things in readiness for the entry of a final decree; that the probate of the will of Y. could not be affected by this action, but while it was pending, proceedings could be compelled for the issuing of letters testamentary, so that the estate could be a party to the accounting.

(Argued February 18, 1879; decided March 25, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order reversing an order of Special Term, which

overruled a demurrer to the complaint herein, and directing judgment for the defendants on the demurrer. (Reported below, 12 Hun, 469.)

Plaintiff's complaint alleged, substantially, the following facts : Pending proceedings before the surrogate of Westchester county, for the final settlement of the accounts of the plaintiff, as administrator of the estate of John ·T. Wright, deceased, the plaintiff obtained from several of the next of kin of the intestate, instruments under their respective hands and seals, by their terms releasing and discharging him as such administrator, from all claims growing out of his administration of the estate, and assigning to him the shares of the said next of kin respectively, copies of which instruments were attached. These instruments duly acknowledged in such form, as to make them evidence,· were presented to and put in evidence before the surrogate. The proctor and solicitor who represented the several parties who had executed the instruments disputed their effect, force and validity, and asked the surrogate to disregard them and render a decree against the plaintiff, and in favor of the several next of kin who had executed them as though the same had not been made. The surrogate announced his intention to disregard such releases and to make and enter a decree against the plaintiff for a large sum in favor of the parties who had executed such releases as well as the other next of kin.. And on a subsequent application by plaintiff the surrogate refused to make a separate order rejecting or disregarding such releases. It was averred that a decree was about to be made in favor of the next of kin who had executed those instruments, in disregard of them, for a large amount exceeding $100,000, which decree would be greatly injurious to plaintiff's business and credit, and do him irreparable injury, inasmuch as he was advised that such decree would operate in law as an estoppel against him, so that he could not contest its validity, nor the amount due and owing to the next of kin collaterally, nor resist the collection of the same, except by the slow course of an appeal, pending which

he would receive irreparable injury which no reversal could make good. The complaint also alleged that in 1879 Sarah E. Youle, a daughter of the intestate, died leaving two daughters, both of age, and leaving a will giving all her property to said two daughters, and appointing plaintiff sole executor ; that the will was left for probate with the surrogate, and probate applied for by plaintiff, but that no steps had been taken for that purpose, and that the interest of Mrs. Youle was unrepresented in the proceedings for an accounting.

The plaintiff, for his relief, prayed that the defendants, who were all of the next of kin, except the plaintiff himself and the children of Mrs. Youle, might be enjoined and restrained from entering any decree by which he should be required to make any payment, or be adjudged to pay any thing as due from him to any of the defendants by whom he had been released, and also from entering any decree until the interest of Mrs. Youle was represented. The defendants demurred to the complaint, on the ground that it did not state facts constituting a cause of action.

*James Thomson*, for appellant. Plaintiff was entitled to the injunction applied for. (2 Story Eq. Jur., § 875; *Miller* v. *Gorman*, 38 Penn. St., 312; *Scott* v. *Onderdonk*, 14 N. Y., 9; 1 Barb. Ch., 406; 11 id., 11; *Coit* v. *Horn*, 1 Sand. Ch., 1; *N. Y. and N. H. Co.* v. *Schuyler*, 17 How., 462; *Erie R. R. Co.* v. *Ramsey*, 45 N. Y., 647–648–649; *Major* v. *Third Ave. R. R. Co.*, 54 id., 161; *Brown* v. *Pacific S. S. Co.*, MS.; *Dawkins* v. *Wynyard*, 1 Q. B. D., 499; 1 Am. L. R., 282; *Griffith* v. *Brown*, 28 How., 4; *Forrester* v. *Wilson*, Duer, 644; *Bokee* v. *Hamersley*, 16 How., 261; *Valloton* v. *Seignett*, 2 Abb., 121; *Welz* v. *Niles*, 3 Daly, 172; *Wood* v. *Seely*, 32 N. Y., 105; *Shaw* v. *Dwight and St. John*, 16 Barb., 536; *N. Y. and N. H. R. R. Co.* v. *Hawes*, 56 N. Y., 176; *Sampson* v. *Wood*, 10 Abb. [N. S.], 223, note.)

*Alex. Thain*, for respondents. A court of equity will not interfere by injunction in a case like the present. (Willard's Eq., 357, 358; *Snedeker* v. *Pearson*, 2 Barb. Ch., 107; *Mark* v. *Wilson*, 11 Abb., 87; *Smith* v. *Moffatt*, 1 Barb., 65; *Wordsworth* v. *Lyon*, 5 How. Pr., 463; *Bokee* v. *Hamersley*, 16 How., 461.)

*Per Curiam.* The facts alleged to sustain the prayer of the complaint for an injunction are not sufficient. It alleges the giving of releases and assignments, and that the surrogate disregarded them when presented to him in the proceedings in his court. It is not alleged that he had or had not the power to consider and pass upon them. It alleges that the estate of Mrs. Youle is not represented in the proceedings; because the will left by her has not been admitted to probate. It does not allege that it is the fault of the surrogate that it has not been; nor does it show what is the reason, or the lack of reason therefor. We might content ourselves with a judgment that the complaint does not set forth facts sufficient to show a cause of action, and that the demurrer is well taken.

It is plain however, that there can be no final and complete settlement of the plaintiff's accounts, until the estate of Mrs. Youle is represented; and until it is determined by an authentic adjudication whether the releases and assignments are valid, and what is the force and effect of them.

It is therefore well, that if the plaintiff is so advised, he should amend his complaint, and make averments which will tender an issue upon the validity of the releases, and the effect of them, to relieve him from liability to the makers of them, and to vest in him their interest in the estate of his intestate, so that there may be such an adjudication. How he is to effect the probate of the will of Mrs. Youle by this suit in equity, we are unable to perceive; but while it is pending, he may compel proceedings which will bring about the issuing of letters testamentary or of administration, so that her estate may be a party before the surrogate on his accounting.

The proceedings before the surrogate should not go forward so far, as that the releases if upheld will be of no avail to him; or that by want of proper appearance of parties there, his accounting will not be final as to all concerned, or appearing to be concerned in the estate of his intestate. Nor need those proceedings be entirely suspended. The accounting may be had, so far forth, as that the balances for or against him may be ascertained, and all things be in readiness for the entry of a final decree.

Hence he ought to have an injunction, upon his complaint, if he shall amend it as above indicated, restraining the proceedings in the surrogate's court beyond the point mentioned above.

Our judgment should be, that the judgment on the demurrer be affirmed, with costs, with leave to the plaintiff to amend his complaint on payment of costs, and within twenty days after notice served upon his attorneys of the judgment of this court having been made the judgment of the court below.

All concur, except RAPALLO and ANDREWS, JJ., absent.
Judgment affirmed.