KINGS COUNTY.—HON. W. L. LIVINGSTON, SURROGATE.— April, 1880.

### DOWNING *v.* SMITH.

*In the matter of the accounting of* JOHN C. SMITH, *guardian of* THEODORE J. DOWNING.

Where the guardian, after the ward attained his majority, had a settlement with him, and assigned a mortgage to the ward for the amount found due, and the ward gave a receipt that he had received the assignment of the mortgage "as equivalent" to the amount found due, *Held*, that upon the accounting of the guardian, the Surrogate had no jurisdiction to try the question of the validity of the settlement, and that upon the question of the acceptance of the mortgage by the ward in satisfaction of the amount due him, the receipt was conclusive, and could not be contradicted by parol evidence.

APPLICATION on behalf of the ward, after coming of age, to compel his general guardian to account and to pay over the balance which may be found due to him.

The guardian filed his account, showing that on the 11th day of March, 1878, the estate of the ward in his hands should have been $17,143.

He claimed that on that day, and shortly after the ward had become of age, he had a settlement with his ward, and assigned to him a mortgage (without any bond) for $18,000 on certain lands in New Jersey, which the ward accepted as an equivalent for the said amount due to him, and which mortgage was credited to the guardian in his account, so that it appeared by said account that nothing was due from the guardian.

In support of this claim the guardian produced a receipt signed by the ward, and dated March 11, 1878, in which it is stated that the ward has received on that day, as equivalent to $17,143, an assignment of the said mortgage.

The ward filed objections to the account, in which he denied that the said mortgage was assigned to him with his knowledge or consent, and claims that the mortgaged premises are of no value whatever.

The guardian insisted that the limit of the inquiry in this court must be whether or not the said mortgage was accepted by the ward ; that the receipt cannot, as respects the purpose or object for which the mortgage was received, be contradicted by parol evidence or impeached for fraud, imposition or inadequate consideration. He claimed, further, that more than a year having elapsed since the said settlement, the ward is now precluded from seeking to open it.

THE SURROGATE.—The authorities seem to hold that this court has no jurisdiction to set aside or try the validity of any settlement or agreement. (Bevan *v.* Cooper, 72 *N. Y.*, 329 ; Sampson *v.* Wood, 10 *Abb.*, *N. S.* 223, notes ; Decker *v.* Morton, 1 *Redf.*, 477, 484.)

The only question, therefore, is whether the mortgage for $18,000 was delivered to the ward and accepted by him in satisfaction of the sum of $17,143.

The evidence shows that the mortgage was delivered to the ward, and the receipt is *conclusive* evidence of the fact that it was accepted by him as *equivalent* to that amount—that means in *satisfaction* of that amount. I say *conclusive* evidence, because it has been decided by the Court of Appeals that although a receipt can be contradicted by parol evidence as to the consideration part of it, yet if it contains words showing that the sum was received in settlement or compromise of a claim it cannot be contradicted by parol evidence as to that part of it (Coon *v.* Knap, 8 *N. Y.*, 402), although it may be shown by parol evidence that the sum received in settlement is less than the whole amount actually due. (Ryan *v.* Ward, 48 *N. Y.*, 204 ; Miller *v.* Coates, 66 *N. Y.*, 609.)

If a receipt cannot be contradicted by parol evidence as to that part of it which expresses that the sum was received in settlement or compromise of a claim, on the same principle parol evidence cannot be offered to contradict that part of the receipt in this case which declares that the mortgage was received as the equivalent of the sum of $17,143.

The other objections are disallowed.

Ordered accordingly.