KINGS COUNTY.—HON. W. L. LIVINGSTON, SURROGATE.—
January, 1882.

## SUTTON *v.* WEEKS.

*In the matter of the estate of* JOSHUA WEEKS, *deceased.*

Although Code Civ. Pro., §§ 2645, 2667, literally require an administrator with the will annexed, to give a bond in a penalty "not less than twice the value of the personal property of which the decedent died possessed," etc., yet, where he is also an administrator *de bonis non,* those provisions are to be construed as fixing the minimum penalty of his bond at the value of the property left unadministered.

Each of the sureties in the official bond of an administrator, etc., must be worth at least the penalty of the bond over all debts, liabilities and property exempt from execution.

Where such a surety has become insufficient, since qualification, the Surrogate's court may require a new or additional surety.

Where no assets had come to the hands of an administrator with the will annexed, but it appeared that he had commenced an action in the supreme court, for claims due to the estate, and that the penalty of his bond was sufficiently great to secure the probable recovery therein,—on an application by a party to the action to compel additional security, *Held,* that the powers of the supreme court were ample to protect all parties in case of the recovery of a greater amount, and that the administrator might, if necessary, be required to give increased security before receiving the money.

APPLICATION by Louisa M. Sutton, a granddaughter of decedent, and a legatee under his will, to compel administrator, with the will annexed, of the goods, etc., of decedent remaining unadministered, to give additional security.

John J. Merritt, the executor, etc., of decedent, having died, James Weeks and George Merritt were appointed administrators with the will annexed.

Further facts sufficiently appear in the opinion.

JOHN R. KUHN, *for petitioner.*

WM. D. VEEDER, *for administrator.*

THE SURROGATE.—The statute requires that the administrator with the will annexed shall give security, and it makes the provisions with respect to the bond to be given by an administrator applicable to such security (Code, § 2645). An administrator is required to give a bond in at least double the amount of the personal property of which the decedent died possessed (Code, § 2667). But it is not supposed that it was the intention of the legislature to exact, from an administrator with the will annexed, a bond for more than double the value of the property left unadministered. In requiring an administrator with the will annexed to give a bond, the object was to exact from him security for whatever property might come into his hands, and that is accomplished by taking a bond in double the value of the property left unadministered. It could not have been the intention of the legislature to compel an administrator with the will annexed to give security for property which had been administered by his predecessor, and never could come into his possession, and no such construction of section 2645 would be warranted. The provisions of section 2667, in respect to the bond to be given by an administrator, must be applied to the bond required from an administrator with the will annexed, in conformity with and not contrary to the manifest intention of the legislature, and this construction requires only that an administrator with the will annexed, like an administrator, shall give a bond in double the value of whatever property may come into his possession to be administered.

In the principal case, no assets have come to the hands of the administrator with the will annexed. And Hannah B. Merritt, who is the residuary legatee and executrix of John J. Merritt, the executor of Joshua Weeks, deceased, claims that nine of the twenty-one shares of the residuary estate, disposed of by the will of Joshua Weeks, were paid by the said executor of Joshua Weeks, and distributed to the parties entitled thereto, who executed to said executor assignments and releases of their respective interests in said estate, and that she has, since the death of said executor, settled with the owners of five other shares of said residuary estate, and taken assignments of their shares, making in all fourteen of the residuary legatees who, she claims, have been paid and settled with, and who have assigned their respective shares of the estate, either to John J. Merritt or to herself.

I do not understand the petitioner to deny that these assignments were made. Her counsel, in stating his views of the facts in his brief, says : " Some of the twenty-one legatees wanted their portions, and were paid ; but, instead of taking releases from them, and properly reducing the number of claimants for the balance of the estate, it is intimated that he (the executor) took assignments of their shares to himself or his wife, although the payments were made out of the trust-funds and so charged. These assignments are disputed, and will be contested on final accounting, or whenever the matter is brought up for settlement."

It appears, also, that the administrator with the will annexed has commenced an action in the supreme court, against Hannah B. Merritt individually, and as executrix, etc., of John J. Merritt (to which action the petitioner is

a party) for the purpose of having the executrix of John J. Merritt account, and pay over, to the administrator with the will annexed of the estate of Joshua Weeks, such amount as may be found due to him.

Mr. Wormwell, the book-keeper who prepared Mrs. Merritt's accounts in the action in the supreme court, testified that, assuming the settlements and assignments, above referred to, to be valid, the amount due from Mrs. Merritt to the estate of Joshua Weeks is less than $5,000. There was no evidence, offered before me, to show that the parties who made these settlements and executed these assignments now repudiate them; and if they do, the question must be settled in the action in the supreme court; until then, this court would not be justified, on this application, in assuming that they are void (Downing v. Smith, 4 *Redf.*, 310 ; Wright v. Fleming, 12 *Hun*, 469, 471 ; 76 *N. Y.*, 517). As the case now stands, the penalty of the bond, given by the administrator with the will annexed, is sufficiently large. If he should recover judgment, in the action now pending in the supreme court, for more than $5,000, he can then be required to give increased security, before being permitted to receive the money, and the powers of that court are ample to protect the interests of all parties interested.

But while the amount of the penalty of the bond is large enough, the surety Brown, is insufficient. The bond is in the penalty of $10,000, and each of the two sureties must be worth at least the penalty of the bond, over and above all debts and liabilities and property exempt from execution. When the bond was executed, Brown could and did justify in more than the amount of its penalty ; but he has since met with reverses,

and is not now worth over $8,000, and that is not enough. He must own property, exempt from execution, of the value of at least $10,000, over and above the amount of his debts and liabilities. The administrator with the will annexed must give a new or an additional surety.

Ordered accordingly.