Barrett, J.
The question presented by this demurrer is not precisely the same as that which arose upon the motion for an injunction. It is true, of course, that if no-cause of action was shown, the plaintiff was not entitled to an injunction. The converse does not necessarily follow. Facts' sufficient to entitle the plaintiff to some relief may beset forth, and yet these facts may be sufficient to entitle *413 him to the particular injunction prayed for pendente lite. The relief here demanded is in part that the defendant be adjudged to have been fully paid his share in the estate, and that a general release given by him. to the plaintiff, upwards of twenty years ago, be adjudged an effectual and conclusive discharge.
Facts from which if true, this or similar relief should follow, are fully stated, namely, that plaintiff’s accounts as; executor were finally settled in 1867, more than a year after the release was given; that the decree on such settlement included the defendant’s share of the estate ; that such decree has never been questioned or attacked; that the defendant’s present claims are made in bad faith, for the sole purpose of harrassing the plaintiff, delaying the settlement of his accounts as testamentary trustee and hindering the administration of the estate; that the surrogate has no jurisdiction to adjudicate upon the validity of the release ; that in fact the surrogate has so held, and has permitted, the defendant to intervene upon the accounting, notwithstanding the release, upon the ground that he had no such jurisdiction; and that the referee to whom the accounts were sent has actually refused to admit, the release upon the same ground.
These facts certainly entitle the plaintiff to come into a court of equity and there seek repose, by calling on the defendant to disclose and set up the facts upon which, at this late day, he claims invalidity. The defendant cannot nurse and keep back his undisclosed contention until time has effected his adversary’s ability to meet it; nor will he be permitted to harrass his trustee by resorting from time to time, to a forum which though possibly clothed with jurisdiction to pass upon his alleged grievance, cannot prevent a repetition of the attack nor render such a final judgment as will forever quiet the controversy.
These considerations are, perhaps, sufficient to dispose of this demurrer. But I have also considered the question of jurisdiction, and of the right to an injunction, and upon this question I am also with the plaintiff. It is clear, that unless the Code makes a distinction, in the matter under discussion, between an executor and a testamentary trustee, the case of Wright v. Fleming (76 N. Y., 517) is directly in point, and decisive against the demurrer. The plaintiff here has done precisely what the court said would entitle the plaintiff there to an injunction, and to affirmative relief founded upon the validity of the release. He has made averments which tender a distinct issue upon such validity, and which require an adjudication upon whatever claim of invalidity the defendant may set up.
That was the case of an executor where, it seems to be *414 conceded, the surrogate had no jurisdiction to pass upon the validity or invalidity of the release. A different rule is claimed in the case of a testamentary trustee. There, it is conceded, the present Code has extended the surrogate’s authority, upon a judisial settlement of the accounts, so as to confer the jurisdiction in question. In this view I can-hot concur.
The “controversy ” contemplated by section 2812 of the Code is not such as may arise, respecting the right of a party to share under the terms of the will. It was, by the language used in this section, undoubtedly intended to coyer disputed claims of third persons against the estate. This is all that is claimed for it by Mr. Redfield (Law and Prac. Surrogate’s court [2 ed.] 677), and a comparison of the entire section with section 2745, regarding executors, satisfies me that it is all that can reasonably be claimed for it. A review of all the provisions of the Code, with regard to executors and testamentary trustees, favors this construction.
As was said by Surrogate Rollins, In the Matter of Roosevelt (5 Redf., 611), “ they disclose an evident purpose on the part of the legislature to give to the surrogate precisely the same authority in reference to testamentary trustees with which he is invested as regards executors. It will indeed be found upon critical examination that, with scarcely an exception, every section which relates to the accounting of an executor and the settlement of a decedent’s estate, is elsewhere repeated mutatis mutandis in reference to testamentary trustees.”
It may be well that the legislature designed to extend the surrogate’s authority upon the accounting of testamentary trustees, with regard to ordinary claims against the estate, but it certainly has evidenced ño such' purpose, but rather the opposite, with regard to claims under the terms of the' will.
Section 2804 provides that when a person is entitled, by the terms of the will, to the payment of money, or the delivery of personal property, by a testamentary trustee, he may present his petition, praying for a decree directing payment or delivery accordingly.
Section 2805 then provides that upon doubt being thrown by the trustees’ answer upon the validity and legality of the claim, a decree must be made dismissing the petition without prejudice to an action for an accounting.
This is a plain indication of a continuous purpose on the part of the legislature not to confer upon a court which “exercises a peculiar and limited jurisdiction” (Stillwell v. Carpenter, 59 N. Y., 425) the general powers of a court of equity. It may be said that sections 2804 and 2805 have *415 reference to a direct application at an early period of administration, while the power conferred by section 2812 is limited to the final settlement of the trustees’ accounts. The answer is that there would be less propriety in permitting such contentions before the surrogate upon the settlement of the accounts than upon a direct application confused or complicated by no other issues. My conclusion is that it was not intended by section 2812 to confer upon the surrogate the powers of a court of equity in actions to set aside releases—of claims under the will—for fraud, or in actions to sustain and enforce such releases because of the signer’s inequitable assertion of the released claim.
It follows that the plaintiff must have judgment overruling the demurrer, with costs, but with leave to the defendant to answer within twenty days on payment of such costs.