(10 App. Div. 43.)

### BOMEISLER v. FORSTER.

(Supreme Court, Appellate Division, First Department.  November 6, 1896.)

1. INJUNCTION—RESTRAINING ACTION AT LAW.
    An action at law will not be enjoined, on the ground that plaintiff there-in had executed a release for a valuable consideration, since such release, if fairly obtained, is a complete defense to the action at law.

2. SAME—TEMPORARY INJUNCTION—EFFECT OF DECISION.
    A decision granting a temporary injunction is not an adjudication as to the right to a permanent injunction, where the facts alleged in the moving papers were not proved on the trial.

Appeal from superior court of New York City, special term.

Action by Louis E. Bomeisler, as executor of the will of Salva-tore Cantoni, deceased, against Elsa Forster, for an injunction.

There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Samuel H. Randall, for appellant.
Charles W. Brooke, for respondent.

RUMSEY, J. This action was brought to restrain the defendant from prosecuting an action which she had brought in the superior court of the city of New York against Cantoni, who was the original plaintiff here, or from bringing or prosecuting any other action or proceeding in law or equity against him upon the cause of action set out in the pending action in the superior court, to procure judgment declaring a release given by the defendant to him a perpetual bar against all such actions, and to restrain the defendant from in any manner prosecuting, harassing, importuning, communicating with, or annoying him personally or by procurement or otherwise, orally or in writing, by virtue of certain matters which were set out in the complaint. It appears from the complaint that the defendant claimed that she had been induced by Cantoni, several years before, to procure a divorce from her husband, and to live with him as his wife; that she had lived with him for several years; that she had had by him four children, of whom two were living; that she had received from him, while she so lived with him, $5,000 a year for her support; that he had made to her a promise to marry her, which was the inducement for her to live with him as she did; that he had become tired of her, and turned her off, with her children, leaving her without support, and refused to perform his promise. It is fair to infer from the testimony in the case that these facts were, to a very considerable extent, true. Indeed, it was assumed all through the case that, while they were denied by Cantoni, there was no substantial question as to their accuracy. It appears that, after the relations between Cantoni and the defendant had ceased, she was induced, upon payment of the sum of $60, to execute to the plaintiff a release of all causes of action which she might have, and especially of those growing out of her claim against Cantoni by reason of his failure to keep his agreement to marry her. This release was dated on the 21st day of May, 1892. The defendant claims that the release was procured by fraud. After she had made it, and on the 31st day of May, 1892, she brought an action against Cantoni, the original plaintiff here, for damages growing out of his failure to perform his promise to her. After this action was begun, various negotiations took place between the parties for a settlement, and the result was that on the 2d of June there was paid to the attorneys for the plaintiff (the defendant herein) the sum of $5,000, and an agreement was made that the action commenced on the 31st of May should be discontinued; that Mrs. Forster should sign various affidavits, which were drawn up for her by the attorney for the plaintiff in this action, admitting away her rights in

the action which she had brought, and that she should go to California, and there remain, and that she should no longer trouble Cantoni. It was also stated that, as a further consideration for the payment of the money, Mrs. Forster agreed that she would never commence any suit whatever on any cause of action she had, more particularly referring to the claim that she set up against Cantoni for being the father of her children, and for having induced her to get a divorce from her former husband, and for the alleged promise to marry her, and the housekeeping claim. The defendant went to California. After she got there, she received her $5,000. She remained there until the month of March, 1894, when she returned to this city, and began another action against Cantoni, alleging substantially the same facts as had been set up in her action of 1892. Thereupon Cantoni brought his action, asking for the relief mentioned in the former part of this opinion. Upon the trial the plaintiff succeeded, and judgment was entered, giving him substantially all the relief that he asked for. It is from that judgment that this appeal is taken. After the trial of the action Cantoni died, and his executor was substituted as plaintiff.

An examination of the record shows various errors in the rulings of the court in the admission of evidence, which would be sufficient, if there were no other reason, to require the reversal of this judgment and the granting of a new trial. But we are not disposed to put our decision upon the ground of errors occurring upon the trial in the admission of evidence. In our judgment, the facts proved upon the trial, giving them their very broadest effect, are not sufficient to entitle the plaintiff to any judgment in this action, and the complaint should have been dismissed upon the merits. It may be that the complaint, taking all its allegations together, set out a sufficient cause of action in equity to entitle the plaintiff, if he had proved those allegations, to a judgment forbidding the defendant from importuning or harassing him by reason of the facts which she alleged against him. But the allegations of the complaint were not proved upon the trial. All that appeared upon the trial was that Mrs. Forster claimed to have a cause of action against Cantoni; that she had been induced by the payment of $60 to release that cause of action, and all of it; that, after the release had been executed, she, claiming that it had been procured from her by fraud, began a suit to enforce the cause of action, which was apparently covered by the release; that afterwards, by the payment of a substantial consideration, she was induced to discontinue that action, and to promise again that she would not sue Cantoni upon that or any other cause of action; and that afterwards, in defiance of that agreement, she did commence another suit upon the same cause of action. No proof was made upon the trial that she had in any other way harassed Cantoni; that she had followed him to his place of business, or approached him in the street, or importuned him for relief; but the plaintiff's case, when the evidence closed, stood solely upon the fact that a suit had been begun against Cantoni after Mrs. Forster had executed a release of the cause of action. This release was a perfect defense to the action which was begun

in March, 1894. It is well settled that legal proceedings will never be enjoined on grounds of which the person aggrieved may avail himself in defense of the action at law. The rule is practically without exception, as laid down in Beach, Mod. Eq. Jur. § 654, that "a court of equity will not interfere to enjoin a pending or threatened suit at law to which there exists a perfect legal defense, or where the ground for relief is as equally available at law as in equity. And if the matters of defense are equally available in the court of law, the fact that they are complicated, and more difficult of presentation there, is not sufficient reason for the interference of equity." See, also, High, Inj. §§ 89, 90. There can be no doubt that the execution of this release, if it was fairly obtained from Mrs. Forster without fraud, was a perfect defense, not only to the action begun in 1892, but also to that begun in 1894, to restrain which this action in equity was brought. The case is precisely within the rule laid down as above; and for that reason, when the evidence was closed, it was the duty of the court at special term to dismiss the complaint. The case of Baker v. Hawkins, 14 R. I. 359, is not at all in point. In that case the plaintiff was permitted to maintain his action in equity upon the sole ground that it would thereby prevent a circuity of action, because the defense which he had to the action at law could not be presented in that case, and was solely cognizable in equity. The case of Wright v. Fleming, 76 N. Y. 517, which is cited by the respondent as a decision in his favor, is directly the other way. It was held there that the allegations of the complaint upon which the court was asked to restrain the proceedings before the surrogate because of the execution of the release, were not sufficient to warrant the injunction or to constitute a cause of action, and that the complaint should have been dismissed. We cannot understand how the learned counsel for the respondent could have been so misled as to assert that the complaint in that action was held to be sufficient. But it is said that the decision upon the motion for a preliminary injunction should be regarded as an adjudication in the plaintiff's favor in this case. The rule is well settled that in actions in equity, where an injunction is asked for, the granting of a preliminary injunction upon affidavits will not be regarded as res adjudicata when the case comes to be tried. Banks v. Society, 4 Sandf. Ch. 438. All that could have been decided upon that motion was that, upon the facts stated in the complaint and the moving affidavits, it was proper for the court to exercise its discretion to restrain Mrs. Forster, during the pendency of the action, from doing any of the acts which it was alleged she threatened to do, and which it was plain would, if done, have been a serious injury to the plaintiff. It was alleged in the motion papers upon that motion that Mrs. Forster threatened to follow the plaintiff to his place of business, and there openly accuse him of committing the acts which she had alleged in her complaint lay at the foundation of her cause of action, and to stand upon the sidewalk threatening and importuning him and harassing him, and to go to his place of business, and sit upon his doorstep, and accuse him of all those acts, and to harass him until such time as she could get money from him. It was because of those allega-

tions that it was proper to grant a preliminary injunction restraining the commission of those acts, and it was perfectly proper, in the discretion of the court, when it was alleged that such acts were threatened, not only to require Mrs. Forster to refrain from doing those acts, but also to restrain her from the further prosecution of the action at law until the truth of the allegations of the plaintiff set up in this action could be examined. But the adjudication in that case goes no further than a holding that, if all the facts alleged upon which the injunction was granted were proven, they would constitute a good cause of action, and a good reason for granting a temporary and preliminary injunction. They were not proven upon the trial, and for that reason the decision upon the motion for a preliminary injunction lost its weight as an adjudication. Upon the trial, the only thing that was proven, as we have already stated, was that a release had been given, which, if valid, was a perfect defense to this action; that there had been an agreement not to sue, upon sufficient consideration, which, if valid, was also a defense to the action; and that it was claimed by Mrs. Forster that each of those papers was procured from her by fraudulent statements, and without explaining to her the effect of them. This clearly presented an issue which might have been tried in the action at law, and which should have been presented to a jury. It is not necessary that we should comment upon the remarkable state of facts presented by the testimony and the affidavits in this action. They are alike discreditable to all parties who are connected with them. It is sufficient to say that, giving the facts proved by the plaintiff the greatest weight that they are entitled to, and disregarding all errors in the admission of evidence committed upon the trial to the detriment of the defendant, the plaintiff did not establish a cause of action entitling him to the relief that he demanded.

The judgment of the special term should therefore be reversed, with costs, and judgment ordered for the defendant dismissing the complaint, with costs, and permitting her to try in the action at law the truth of the facts which she has alleged, and the validity of the release and agreement which is set up as a defense to them. All concur.