(19 Misc. Rep. 357.)

## JONES v. RICE.

(City Court of New York, General Term. February 3, 1897.)

ACCORD AND SATISFACTION—PART PAYMENT—RECEIPT IN FULL.
  A payment in part of an undisputed debt is not an accord and satisfaction, though the creditor gives a receipt in full.

Appeal from trial term.

Action by Ada Jones against John C. Rice. From a judgment entered on a verdict in favor of plaintiff, directed by the trial judge, defendant appeals. Reversed.

Argued before FITZSIMONS and McCARTHY, JJ.

Albert I. Sire, for appellant.
Allen M. Stoddard, for respondent.

McCARTHY, J. Two questions arise in this case,—one, whether or not there was an account, duly stated, between the plaintiff and the defendant, in which it was agreed and determined between them that there was due, owing, and payable to the plaintiff, by the de-

fendant, the sum of $366.34; and, second, whether there was a settlement and compromise by the defendant with the plaintiff. Both by the answer, as well as the evidence, the defendant denies that there was an account stated. This being a question of fact, we think, should have been left to the jury, and the court was, therefore, in error in directing a verdict.

It was claimed by the appellant that nothing was said as to the amount due, but that he proposed to pay $200 in full settlement of the amount due to the plaintiff, which is not disputed as being much larger than this $200. No time or manner of payment was fixed, and only $50 was paid before the commencement of this action. The other $150 was paid after the action was commenced, because the defendant admitted this amount was due, and, as a condition imposed by the court in the opening of the defendant's default, and permitting him to defend, it was paid. There must be accord and satisfaction, and such must be advantageous to the creditor. This was not the case here.

What the defendant may have done with some of his creditors is no consideration for this plaintiff accepting a less sum than was really due her, she not being a party to any agreement with such other creditor. Of course, all this is upon the theory that the claim is undisputed. Miller v. Coates, 66 N. Y. 609, 610. Payment of a less sum of money than the whole debt, without a release, was no satisfaction of the respondent's claim; the amount of the claim not being in dispute. Where, upon the payment of an undisputed account, the creditor gives a receipt in full, he is not concluded thereby from recovering the balance, although the receipt was given with knowledge, and there was no error or fraud.

For the reason stated, that the question of fact which was taken from the jury should have been submitted to them, judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event.

FITZSIMONS, J., concurs.