PRATT v. ROMAN CATHOLIC ORPHAN ASYLUM OF CITY OF ALBANY et al.

(Supreme Court, Appellate Division, First Department. August 4, 1897.)

1. CHARITABLE BEQUEST—VALIDITY.
   A bequest "to the poor schools attached to the St. Patrick's Church, Soho, England," is void, it not appearing that the legatee is an incorporated association.
2. FOREIGN STATUTES—PROOF.
   A letter is inadmissible to prove the law of a foreign country.
3. EVIDENCE—DECLARATION TAKEN IN ENGLAND.
   A declaration made under the laws of Great Britain and Ireland for taking of proof to be used in the colonies of that nation, but which does not comply with the statutes of New York, is inadmissible in the courts of New York for the purpose of proving what the law of Great Britain is.
4. CHARITABLE BEQUEST—UNINCORPORATED SOCIETY.
   A bequest to the "Roman Catholic Aged Poor Society in the City of London, England," is void where it does not appear that the society is incorporated.
5. SAME—INDEFINITENESS.
   A bequest "to the poor" of a certain church is void for indefiniteness.
6. WILLS—CONSTRUCTION—JURISDICTION.
   In an action by an administrator in the supreme court to have a will construed, no judgment will be rendered as to whether or not the bequests are barred by limitations, as the proper place to settle the estate and to obtain a decree for the payment of legacies is the surrogate's court.

Appeal from special term, New York county.

Action to construe a will by Elisha H. Pratt, as administrator, against the Roman Catholic Orphan Asylum of the City of Albany and others. From a judgment declaring several of the bequests invalid, the several legatees appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and PARKER, JJ.

Edward J. McGean, for appellants.
T. F. Haskell, for respondent.

RUMSEY, J.    The action was brought for the construction of the will of William C. Herring, deceased, by which bequests were made for charitable purposes to certain organizations, some incorporated and some unincorporated. Several of the bequests were held good at the special term, and as to those no question is raised upon this appeal.

Those of the appellants whose bequests were held to be invalid dispute the correctness of the judgment so far as it refuses to recognize as valid the bequests to them, respectively; and all of the appellants attack it because it does not adjudge the payment of their legacies, and determine that the statute of limitations has not run against them.

By the seventh clause of the will the testator bequeathed "to the poor schools attached to the St. Patrick's Church, Soho, England,—said schools are now situated in Tudor Place,—$3,000." This bequest was held by the special term to be void because it did not appear that the legatee was an incorporated association. The answer of the legatee asserted that by the law of England an unincorporated association could take for charitable purposes. An effort was made to prove that such was the law, but the effort was entirely unsuccessful. All the proof offered on that point consisted of a letter to that effect, and a declaration made under the laws of Great Britain and Ireland providing for the taking of proof to be used in the colonies of that nation. This proof was excluded, and rightly. The letter, of course, in no case could have been proof of anything. The declaration offered, while it might possibly have been admitted as evidence in the courts of any of the colonies of Great Britain, did not comply in any respect with the statutes of this state, so as to permit it to be read in evidence. No other proof was offered on the subject. Whenever the question is presented as to what is the law of a foreign country in any given case, it must be established as a fact; and, if there is no evidence given upon the question, the court will either make no presumption at all, or will presume that the foreign law is the same as the law of this state. In this state it is well settled that a voluntary unincorporated association has no legal capacity to receive a bequest, even for a purpose denominated "charitable." Sherwood v. Society, *40 N. Y. 561; Owens v. Society, 14 N. Y. 380; Downing v. Marshall, 23 N. Y. 366. Upon the state of facts appearing in this case, the special term was clearly right in holding that the bequest to the poor schools attached to St. Patrick's Church was not valid.

By the eighth clause of his will the testator bequeathed to the Roman Catholic Aged Poor Society in the City of London, England, $1,000. This bequest was held to be void, and was properly so held, for the reasons given in regard to the previous bequest.

By the sixth clause of his will the testator bequeathed to the poor of St. Peter's Roman Catholic Church in Barclay Street $1,000. It was made to appear that the Roman Catholic Church in Barclay Street was an incorporated religious society; but this bequest was not made to that church, and that church had no right to receive it. The beneficiaries under the bequest, who were also the legatees, were the poor of the church. This bequest, held to be void at the special term, was correctly so held, not only because of the reasons stated in the previous part of this opinion, but for the further reason that, even if there had been a trustee competent to take, a bequest to the poor of a particular society or place must be held void for indefiniteness. Fosdick v. Town of Hempstead, 125 N. Y. 581, 26 N. E. 801.

The other bequests in the will were held to be valid, and from that portion of the judgment no appeal is taken.

Besides asking for a construction of the will as to the various legacies, the plaintiff asked in his complaint a general instruction as to whether the legacies were, at the time of bringing the action, valid claims against the estate. He insisted upon the trial that the statute of limitations had run in his favor against all the legacies, whether otherwise valid or not, and for that reason the judgment should direct that none of the legacies were to be paid, but that the estate should be distributed among the next of kin. This instruction the court below refused to give, holding that the statute of limitations could only be used as a defense in case actions were brought by any of the legatees for their legacies. The plaintiff did not appeal from this judgment, and for that reason he is not in a position to question the correctness of it, but is bound by it. The Roman Catholic Orphan Asylum of the City of Albany, however, did except to that portion of the decision, and comes here now insisting that the court should instruct the administrator that the statute of limitations has not run against these legacies, but that they should be paid in accordance with the directions of the will. It is unnecessary, in examining the question as to the correctness of this portion of the judgment, to consider the facts which have been made to appear in the case. It is simply sufficient to say that the statute of limitations, if it applies in any case, is a perfectly good defense to any action brought to recover a claim upon a legacy against which it has run, and it may be set up whenever that claim is sought to be made, at any time or in any court. In re Rogers, 153 N. Y. 316, 322, 47 N. E. 589. If it is not pleaded, the court cannot take any cognizance of it, or make any ruling in regard to it. Code Civ. Proc. § 613. Whether, in an action brought upon these legacies, it would be the duty of the administrator to plead the statute of limitations, may be very doubtful. The reasons which have induced the courts to say that it is the duty of the administrator to plead the statute of limitations in every action brought against him for the debt of a testator do not apply to an action for a legacy, which can only be brought because of his failure, for some reason, to carry out the intention of the testator as expressed in the will. It is hardly to be supposed that the courts would insist that it was the duty of the administrator with the will annexed to plead the statute of limitations to a legacy which, without fault of the legatee, had never been paid. If the case were one in which the statute might properly be pleaded, and when pleaded would be a defense, then it would be a perfect defense; and it is the rule of law that, where one has a perfect defense to a claim which may be made against him in an action at law, he will not be permitted to bring an action in equity to restrain the prosecution of the legal action, but must stand upon his legal defense when the action at law shall be brought against him. Bomeisler v. Forster, 10 App. Div. 43, 44 N. Y. Supp. 241. The proper place to obtain a decree for the payment of legacies given by will is the surrogate's court, and, in the absence of a special reason why it should do so, this court will not assume to undertake the judicial settlement of the estate, and give directions as to the payment of debts or legacies. No reason is seen why the plaintiff should not proceed in the surrogate's court to settle the estate, and upon that settlement

receive such instructions as to the payment of the legacies as should necessarily be given upon a consideration of all the facts, and of the provisions of the will as construed by this judgment.

The judgment appealed from must be affirmed, with costs to be paid by the appellants to the respondent.    All concur.

