### KNIGHT, State Comptroller, v. STEVENS et al.

### In re GRAVES' ESTATE.

(Supreme Court, Appellate Division, Fourth Department. November 12, 1901.)

1. TRANSFER TAX—BEQUEST TO CHARITABLE USE.

   Laws 1892, c. 399, imposes a tax on transfers in certain cases, including those by will to persons or corporations not exempt from taxation on real or personal property; and Laws 1896, c. 908, § 4, subd. 7, enacts that the property of a corporation or association organized for charitable purposes shall be exempt from taxation. *Held,* that a bequest to persons named in a will as trustees for the purpose of founding a home for the aged was not a bequest to a corporation or association for the purposes stated in subdivision 7, so as to exempt it from the transfer tax.

2. SAME—COMPUTATION.

   Where a devise of property in trust to found a charitable institution was measured by two lives in being, the fact that the supreme court would take charge of the trust at the expiration of the trusteeship by virtue of Laws 1893, c. 701, does not limit the transfer tax to the value of the property measured by the lives of the two persons in being.

Appeal from order of surrogate, Onondaga county.

In the matter of the estate of Nathan F. Graves. From an order setting aside an order assessing a transfer tax on a bequest to trustees for the purpose of founding and maintaining a charitable institution (70 N. Y. Supp. 727), both the executors and trustees and Erastus C. Knight, as comptroller of the state, appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

John McLennan, for comptroller.

Augustus C. Stevens, for executors and trustees.

SPRING, J.   Nathan F. Graves, a resident of the city of Syracuse, died July 21, 1896, leaving a last will and testament which was subsequently admitted to probate in the surrogate's court of the county of Onondaga.   By his said will the testator, after disposing of part of his estate by general and specific legacies, provides for the disposal of the residue in the tenth subdivision thereof as follows:

"I give, bequeath, and devise all of the rest and residue of my property, of every kind, personal and real, wheresoever situate, to my trustees hereinafter named, for the purpose of founding, erecting, and maintaining Graves Home for Aged, to be located in the city of Syracuse, in the state of New York.   It is intended as a home for those who by misfortune have become incapable of providing for themselves and those who have slender means of support.   The institution to be known as the 'Graves Home for the Aged.' I hereby appoint Charles E. Stevens, Rasselas A. Bonta, and Maurice A. Graves for the trustees to execute the above trust."

Authority is then given his executors to sell or rent and have charge of his real estate, and, after the payment of his debts and the bequests provided for, they are "directed to convey to the said trustees above named the balance and remainder of my property of every kind, to be applied for the purposes above provided," and the trustees are also vested with the power "to rent or sell" his property. The eleventh subdivision of the will is as follows:

"My executors or my trustees are authorized to retain my stock and shares in the New York State Banking Company, and continue the business of banking for a term of years at their discretion, but may sell the same or any part thereof at any time; but the same is not to be continued, or any portion of my property held, longer than the lives of Catherine Graves Roby, daughter of Sidney B. Roby, of Rochester, and Helen Preese Graves, daughter of Maurice A. Graves, of Syracuse."

The validity of the bequest of this residuary part of the estate was assailed on the grounds that the beneficiaries were indefinite and uncertain, and that the testator had failed to provide for a corporate organization to be formed, capable of taking the trust property within two lives in being.   The validity of the bequest was sustained (Allen v. Stevens, 161 N. Y. 122, 55 N. E. 568) because the legislature, by chapter 701, Laws 1893, intended to protect gifts to indefinite beneficiaries, and had vested the supreme court with the execution of the trust, and therefore the creation of a corporation for that purpose was not essential to the validity of the bequest. The court said (at page 148, 161 N. Y., and page 575, 55 N. E.) in its opinion:

"In this case trustees were named, and, as the eleventh clause of the will expressly prohibits the trustees from holding any portion of the testator's property longer than the lives of the two persons in being therein named, it must be held that the trustees are charged with the management and conduct of the trust until the expiration of a period measured by the two lives in being, at which time the title to the trust property will vest in the supreme court under the statute."

Proceedings were set on foot in the surrogate's court to impose the tax on this property in pursuance of chapter 399 of the Laws of 1892, providing for the taxation of transfers of property.   The ordi-

nary procedure enacted by the statute was gone through with, terminating in an appeal to the surrogate's court and the final order or determination by it, from which the present appeals have been taken. On behalf of the comptroller of the state it is contended that the residuary estate of the testator, although for a charitable or benevolent purpose, was not exempt from the provisions of the act last mentioned, as no corporation or association was included in the scheme of the testator for the execution of the trust. On behalf of the executors and trustees it is maintained that the gift or bequest was exempt from assessment. The decision of the surrogate's court was to the effect that the transfer tax was assessable "only on the value of such gift, bequest, or devise to said trustees during the lives of the two persons mentioned, and not upon the value of the entire residue of the said decedent's estate, and that no tax whatever should have been assessed or levied upon the remainder passing to the supreme court."

An analysis of some of the statutes applicable to the assessment of gifts of this character may aid in understanding the question involved. The property of religious, literary, or charitable corporations or institutions has been exempt from taxation for many years. 1 Rev. St. (4th Ed.) pp. 714, 715, where reference is made to the various statutes authorizing exemptions. In all these statutes that I have examined the exemption applied to corporations or institutions, always implying a definite organization. In 1848 (chapter 319, Laws 1848, amended by chapter 273, Laws 1849) authority was given for the incorporation of benevolent, charitable, scientific, and missionary societies. 1 Rev. St. (4th Ed.) p. 1193. Thenceforward the language employed in the authorities, text-books, and in the statutes pertaining to the exemptions of property of this class of organizations, referred to them as corporations, societies, or institutions interchangeably or collectively, but invariably as a specific body. In the collateral inheritance tax law (chapter 483, Laws 1885) there was no specific exemption of gifts or bequests for charitable purposes; but "societies, incorporations, and institutions now exempted by law from taxation" were relieved from the burden imposed by this act. Chapter 553 of the Laws of 1890 was passed primarily "to limit the amount of property to be held by corporations organized for other than business purposes." The institutions to which it related are:

"Any religious, educational, bible, missionary, tract, literary, scientific, benevolent, or charitable corporation, or corporation organized for the enforcement of laws relating to children or animals, or for hospital, infirmary, or other than business purposes."

The personal estate of such corporations is exempted from taxation imposed pursuant to the collateral inheritance law. It is apparent that this exemption applied only to corporations. Chapter 399 of the Laws of 1892, known as the "Taxable Transfer Act," repealed the collateral inheritance tax statutes, and made provision for assessment upon the transfer of property. Section one imposes this tax—

"Upon the transfer of any property, real or personal, of the value of five hundred dollars or over, or of any interest therein or income therefrom, in

trust or otherwise, to persons or corporations not exempt by law fom taxation
on real or personal property."

By this act, accordingly, no new exemption was created, but those
permissible when the act was enacted still continued operative. The
general tax·law was passed in 1896. Laws 1896, c. 908. Section
4 relates to exemptions, and subdivisions 7 thereof, so far as perti-
nent, is as follows:

"The real property of a corporation or association organized exclusively for
the moral or mental improvement of men or women, or for religious, bible,
tract, charitable, benevolent, missionary, hospital, infirmary, educational,
scientific, literary, library, patriotic, historical or cemetery purposes, or for
the enforcement of laws relating to children or animals, or for two or more
of such purposes, and used exclusively for carrying out thereupon one or
more of such purposes, and the personal property of any such corporation
or association, shall be exempt from taxation."

The language here employed follows chapter 498 of the Laws of
1893, which was an act providing for the exemption from taxation,
of this class of organizations, corporations, or associations, meaning
one with officers, members, or employés. Article 10 of the act
(chapter 908, Laws 1896) has reference to taxable transfers, using
the wording of the original taxable transfer act, imposing a tax
(section 220) "upon the transfer of any property, real or personal,
* * * to persons or corporations not exempt by law from tax-
ation on real or personal property in the following cases" (section
225), the first of which is those by will or by intestacy of a resident
of the state. In all the enactments relating to bequests for chari-
table purposes, not one brought within the tax exemption gifts to
a person. The policy of the statutes has been without variation,
where an exemption has been permitted in favor of the property of
a benevolent donor, to limit it to a corporation vested with authority
to accept the gift. The addition of the word "association" in the
general exemption section quoted above (section 4, subd. 7, of the
act under consideration) does not in my judgment extend the appli-
cation to a bequest to trustees.

In the opinion construing the will (161 N. Y. 148, 55 N. E. 575),
with reference to another objection urged against this bequest, the
court say that it is not " 'to a society, association, or corporation,
in trust or otherwise', but, instead, to trustees"; that is, any reason-
able definition of the term "association" may not be interpreted to
include any persons selected by a testator to execute a trust created
by him. That term usually means an unincorporated organization,
composed of a body of men partaking in its general form and mode
of procedure of the characteristics of a corporation. Such an asso-
ciation cannot be the donee of a bequest, even for a charitable pur-
pose. Pratt v. Orphan Asylum, 20 App. Div. 352, 46 N. Y. Supp.
1035. If the exemption of taxable transfers pursuant to this act is
to be settled independently of the general exemption clause quoted,
then it includes "persons," as well as corporations exempt by law
from taxation. For instance, the property of a minister of the gos-
pel, or of a bishop, or "of an officer of a religious denomination,"
might come within the designation of "persons" under this statute;

but it is only "persons" who are now relieved from assessment. Trustees empowered to receive a donation to be expended for a benevolent use are not included within the exemption clause under any taxing statute of this state to which my attention has been called. It was not intended to give immunity from taxation by this provision to any person or body not exempted by some existing statutory provision. It merely relieves from this special burden persons or corporations who enjoy a like freedom from other assessments.

It is claimed that, because the supreme court is to take charge of the trust estate upon the expiration of the present trusteeship, it then becomes the property of the state, and is relieved from taxation like any other which is owned by the commonwealth. It is not a gift to the state, and does not become the property of the state. For the purpose of making effective the beneficent intention of the testator, and to prevent the utter defeat of his purpose, the legislature provided a trustee. The omission of the testator is supplied by legislative intervention; but that does not alter the character of the gift, or give any control over it for a purpose beyond that outlined in the will. This statute (chapter 701, Laws 1893) was devised solely to prevent the misdirection of the purpose of a testator who had failed to provide a definite beneficiary or a corporation to carry out his project, and it was not intended to bring the property within the exempt class where not already relieved by statutory enactment. Even a gift to a municipality or to the United States is chargeable with a deduction for the succession tax. In that regard either takes the bequest subject to the same burden as an individual. In re Hamilton, 148 N. Y. 315, 42 N. E. 717.

Stipulations are made relative to the tax upon the legacies of Helen A. Graves and of Maurice A. Graves, which will be provided for in the order herein. The order of the surrogate's court should be reversed, in accordance with this opinion; the costs of all parties to be paid out of the fund.

Order of the surrogate's court reversed, with costs to all parties payable out of the fund. All concur, except McLENNAN, J., not voting. Order to be settled by and before SPRING, J., upon two days' notice.