In the Matter of the Appraisal for Taxation of the Estate of NATHAN F. GRAVES.

ERASTUS C. KNIGHT, Comptroller of the State of New York, Appellant and Respondent; CHARLES E. STEVENS and MAURICE A. GRAVES, as Executors, etc., of NATHAN F. GRAVES, Deceased, and Others, Respondents and Appellants.

*A gift to trustees to found a charitable use is not exempt from the transfer tax — the fact that the execution of the trust devolves upon the Supreme Court does not change the rule.*

A bequest to trustees in trust to found, erect and maintain "a home for those who by misfortune have become incapable of providing for themselves, and those who have slender means of support," is subject to a transfer tax, as subdivision 7 of section 4 of the Tax Law (Laws of 1896, chap. 908), providing that the property of a "corporation or association" organized exclusively for charitable or benevolent purposes shall be exempt from taxation, and section 220 of the Tax Law, imposing a transfer tax upon property passing "to persons or corporations not exempt by law from taxation," do not include a gift for charitable purposes made to trustees.

The fact that upon the expiration of the two lives in being, during which the trustees named in the will were empowered to hold the trust estate, the execution of the trust would, under chapter 701 of the Laws of 1893, devolve upon the Supreme Court, does not operate to exempt the bequest or the part thereof which would pass to the Supreme Court, from the transfer tax.

*Semble,* that it has been the policy of the Legislature to limit exemptions from taxation of gifts for charitable uses to cases where gifts are made to corporations.

CROSS-APPEALS by Erastus C. Knight, Comptroller of the State of New York, and by Charles E. Stevens and Maurice A. Graves, as executors, etc., of Nathan F. Graves, deceased, and others, from an order of the Surrogate's Court of the county of Onondaga, entered in said Surrogate's Court on the 21st day of May, 1901, fixing the transfer tax on the taxable property of Nathan F. Graves, deceased.

*John McLennan,* for the Comptroller.

*Augustus C. Stevens,* for the executors and trustees.

SPRING, J.:

Nathan F. Graves, a resident of the city of Syracuse, died July 21, 1896, leaving a last will and testament, which was subsequently admitted to probate in the Surrogate's Court of the county of

Onondaga.   By his said will the testator, after disposing of part of his estate by general and specific legacies, provides for the disposal of the residue in the 10th subdivision thereof as follows: " I give, bequeath and devise all of the rest and residue of my property of every kind, personal and real, wheresoever situate, to my trustees hereinafter named, for the purpose of founding, erecting and maintaining Graves Home for the Aged, to be located in the city of Syracuse, in the State of New York.   It is intended as a home for those, who by misfortune have become incapable of providing for themselves, and those who have slender means of support.   The institution to be known as the Graves Home for the Aged.   I hereby appoint Charles E. Stevens, Rasselas A. Bonta and Maurice A. Graves for the trustees to execute the above trust."   Authority is then given his executors to sell or rent and have charge of his real estate, and after the payment of his debts and the bequests are provided for they are " directed to convey to the said trustees above named, the balance and remainder of my property of every kind to be applied for the purposes above provided," and the trustees are also vested with the power " to rent or sell" his property.   The 11th subdivision of the will is as follows : " My executors or my trustees are authorized to retain my stock and shares in the New York State Banking Company and continue the business of banking for a term of years at their discretion, but may sell the same or any part thereof at any time, but the same is not to be continued nor any portion of my property held longer than the lives of Catherine Graves Roby, daughter of Sidney B. Roby, of Rochester, and Helen Preese Graves, daughter of Maurice A. Graves, of Syracuse."

The validity of the bequest of this residuary part of the estate was assailed on the grounds that the beneficiaries were indefinite and uncertain, and that the testator had failed to provide for a corporate organization to be formed capable of taking the trust property within two lives in being.   The validity of the bequest was sustained (Allen v. Stevens, 161 N. Y. 122) because the Legislature, by chapter 701, Laws of 1893, intended to protect gifts to indefinite beneficiaries and had vested the Supreme Court with the execution of the trust, and, therefore, the creation of a corporation for that purpose was not essential to the validity of the bequest.   The court said, at page 148 of its opinion : " In this case trustees were named,

and, as the eleventh clause of the will expressly prohibits the trustees from holding any portion of the testator's property longer than the lives of the two persons in being therein named, it must be held that the trustees are charged with the management and conduct of the trust until the expiration of a period measured by the two lives in being, at which time the title to the trust property will vest in the Supreme Court under the statute."

Proceedings were set on foot in the Surrogate's Court to impose the tax on this property, in pursuance of chapter 399 of the Laws of 1892, providing for the taxation of transfers of property. The ordinary procedure enacted by the statute was gone through with, terminating in an appeal to the Surrogate's Court, and the final order or determination by it from which the present appeals have been taken. On behalf of the Comptroller of the State it is contended that the residuary estate of the testator, although for a charitable or benevolent purpose, was not exempt from the provisions of the act last mentioned, as no corporation or association was included in the scheme of the testator for the execution of the trust. On behalf of the executors and trustees it is maintained that the gift or bequest was exempt from assessment. The decision of the Surrogate's Court was to the effect that the transfer tax was assessable " only on the value of such gift, bequest or devise to said trustees during the lives of the two persons mentioned and not upon the value of the entire residue of said decedent's estate, and that no tax whatever should have been assessed or levied upon the remainder passing to the Supreme Court."

An analysis of some of the statutes applicable to the assessment of gifts of this character may aid in understanding the question involved.

The property of religious, literary or charitable corporations or institutions has been exempt from taxation for many years. (1 R. S. [4th ed.] 714, 715, where reference is made to the various statutes authorizing exemptions.) In all these statutes that I have examined, the exemption applied to corporations or institutions, always implying a definite organization. In 1848 (Chap. 319) authority was given for the incorporation of benevolent, charitable, scientific and missionary societies. (1 R. S. [4th ed.] 1193.) Thenceforward, the language employed in the authorities, text books and in the statutes pertaining to the exemptions of property of this class of

organizations referred to them as corporations, societies or institutions interchangeably or collectively but invariably as a specific body.

In the Collateral Inheritance Tax Law (Laws of 1885, chap. 483) there was no specific exemption of gifts or bequests for charitable purposes, but "societies, corporations and institutions now exempted by law from taxation" were relieved from the burden imposed by that act. Chapter 191 of the Laws of 1889, as amended by chapter 553 of the Laws of 1890 was passed primarily "to limit the amount of property to be held by corporations organized for other than business purposes." The institutions to which it related are : "Any religious, educational, bible, missionary, tract, literary, scientific, benevolent or charitable corporation, or corporation organized for the enforcement of laws relating to children or animals, or for hospital, infirmary, or other than business purposes." The personal estate of such corporations was exempt from taxation imposed pursuant to the Collateral Inheritance Law. It is apparent that this exemption applied only to corporations. Chapter 399 of the Laws of 1892, known as the Taxable Transfer Act, repealed the Collateral Inheritance Tax statutes and made provision for assessment upon the transfer of property. Section 1 imposes this tax "upon the transfer of any property, real or personal, of the value of five hundred dollars or over, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations not exempt by law from taxation on real or personal property." By this act, accordingly, no new exemption was created, but those permissible when the act was enacted still continued operative.

The General Tax Law was passed in 1896 (Laws of 1896, chap. 908). Section 4 relates to exemptions, and subdivision 7 thereof, so far as pertinent, is as follows : " The real property of a corporation or association organized exclusively for the moral or mental improvement of men or women, or for religious, bible, tract, charitable, benevolent, missionary, hospital, infirmary, educational, scientific, literary, library, patriotic, historical or cemetery purposes, or for the enforcement of laws relating to children or animals, or for two or more of such purposes, and used exclusively for carrying out thereupon one or more of such purposes; and the personal property of any such corporation or association, shall be exempt from taxation."

The language here employed follows chapter 498 of the Laws of 1893, which was an act providing for the exemption from taxation of this class of organizations, corporations or associations, meaning one with officers, members or employees. Article 10 of the act (Laws of 1896, chap. 908) has reference to taxable transfers, using the wording of the original Taxable Transfer Act, imposing a tax (§ 220) " upon the transfer of any property, real or personal, * * * to persons or corporations not exempt by law from taxation on real or personal property in the following cases," the first of which is those by will or by intestacy of a resident of the State. In all the enactments relating to bequests for charitable purposes not one brought within the tax exemption gifts to a person. The policy of the statutes has been without variation where an exemption has been permitted in favor of the property of a benevolent donor to limit it to a corporation vested with authority to accept the gift. The addition of the word *association* in the general exemption, section quoted above (§ 4, subd. 7 of the act under consideration), does not in my judgment extend the application to a bequest to trustees.

In the opinion construing the will (161 N. Y. 148, *supra*), with reference to another objection urged against this bequest, the court say that it is not " to a 'society, association or corporation in trust or otherwise,' but instead to trustees." That is, any reasonable definition of the term *association* may not be interpreted to include any persons selected by a testator to execute a trust created by him. That term usually means an unincorporated organization composed of a body of men partaking in its general form and mode of procedure of the characteristics of a corporation. Such an association cannot be the donee of a bequest even for a charitable purpose. (*Pratt v. Roman Catholic Orphan Asylum*, 20 App. Div. 352.)

If the exemption of taxable transfers pursuant to this act is to be settled independently of the general exemption clause quoted, then it includes *persons* as well as corporations exempt by law from taxation. For instance, the property of a minister of the gospel or of a bishop or of " an officer of a religious denomination " might come within the designation of *persons* under this statute, but it is only *persons* who are now relieved from assessment. Trustees empowered to receive a donation to be expended for a benevolent

FOURTH DEPARTMENT, NOVEMBER TERM, 1901. [Vol. 66.

use are not included within the exemption clause under any taxing statute of this State to which my attention has been called. It was not intended to give immunity from taxation by this provision to any person or body not exempted by some existing statutory provision. It merely relieves from this special burden persons or corporations who enjoy a like freedom from other assessments.

It is claimed that because the Supreme Court is to take charge of the trust estate upon the expiration of the present trusteeship, that it then becomes the property of the State and is relieved from taxation like any other which is owned by the Commonwealth. It is not a gift to the State and does not become the property of the State. For the purpose of making effective the beneficent intention of the testator and to prevent the utter defeat of his purpose the Legislature provided a trustee. The omission of the testator is supplied by legislative intervention, but that does not alter the character of the gift or give any control over it for a purpose beyond that outlined in the will. This statute (Laws of 1893, chap. 701) was devised solely to prevent the misdirection of the purpose of a testator who had failed to provide a definite beneficiary or a corporation to carry out his project, and it was not intended to bring the property within the exempt class where not already relieved by statutory enactment. Even a gift to a municipality or to the United States is chargeable with a deduction for the succession tax. In that regard either takes the bequest subject to the same burden as an individual. (*Matter of Hamilton,* 148 N. Y. 315.)

Stipulations are made relative to the tax upon the legacies of Helen A. Graves and of Maurice A. Graves which will be provided for in the order herein.

The order of the Surrogate's Court should be reversed in accordance with this opinion, the costs of all parties to be paid out of the fund.

All concurred, except McLENNAN, J., not voting.

Order of Surrogate's Court reversed, with costs to all parties payable out of the fund.

Order to be settled by and before Mr. Justice SPRING upon two days' notice.