FIRST UNIVERSALIST SOCIETY IN NORTH ADAMS & others *vs.* WILLIAM FITCH & another, Administrators.

A bequest of a certain sum to " the Universalist Religious Denomination in the county of Berkshire, as a permanent fund, the use to be applied annually for the support of that denomination," is not void for uncertainty; and if no trustee is named in the will, equity will appoint trustees to execute the trust, on a bill filed by the organized Universalist Societies of the county.

BILL IN EQUITY to enforce the following trust in the will, dated September 13th 1844, and proved December 6th 1852, of Sanford Fitch, of Alford, who died on the 30th of November 1852.

" I give and bequeath unto the Universalist Religious Denomination in the county of Berkshire the sum of one thousand dollars, as a permanent fund, the use to be applied for the support of that denomination. This thousand dollars to be loaned on mortgage of real estate to double the amount, exclusive of the buildings, and the use to be paid annually."

The plaintiffs are the First Universalist Societies organized in North Adams on the 9th of April 1852, in South Adams on the 28th of March 1844, and in Cheshire on the 23d of March 1849, respectively, and are the only Universalist societies in the county of Berkshire; but there are individual members of that denomination, residing in the county, and not parties to the bill. The testator directed that all the legacies should be paid in one year from his decease. The executors named in the will declined the trust. There were no other trustees named therein. The respondents are administrators with the will annexed. The case was submitted to the decision of the court upon the above facts.

*H. L. Dawes,* for the plaintiffs, cited *Bartlet* v. *King,* 12 Mass. 543, & cases cited; *Inglis* v. *Sailors' Snug Harbor,* 3 Pet. 117, 118, & cases cited; 1 Jarman on Wills, 315, 316; *Saunderson* v. *Stearns,* 6 Mass. 39; *Hall* v. *Cushing,* 9 Pick. 408, *Nash* v. *Cutler,* 19 Pick. 71; *St.* 1845, *c.* 158; *Bowditch* v. *Banuelos,* 1 Gray, 228; *Bliss* v. *Bradford,* 1 Gray, 409.

*J. E. Field,* for the defendants. 1. There was no association of individuals or body corporate by the name of " the Universal-

ist Religious Denomination in the county of Berkshire," to whom the legacy could be paid within a year from the testator's decease. The bequest is void for uncertainty. 2 Story on Eq. §§ 1155, 1157, 1160, 1164, 1183. 1 Pow. Dev. 22, and cases cited. U. S. Dig. 1848, Charities, pl. 13–16. The testator lived near the southern extremity of the county; and it does not appear that he had any knowledge of either of the plaintiff societies, which were all established at the northern extremity, and one of which was not organized until after his will was made.

2. The other Universalists in the county of Berkshire should be made parties to the bill. *Tibballs* v. *Bidwell*, 1 Gray, 406. 2 Story on Eq. § 1526.

3. The plaintiffs can hold only so much estate as is necessary for the objects of their organization. Rev. Sts. *c.* 20, §§ 18, 29. If this is claimed as a donation to charitable uses, the suit should be in the name of the deacons. Rev. Sts. *c.* 20, § 39. *Parker* v. *May*, 5 Cush. 346. *Weld* v. *May*, 9 Cush. 181.

4. No suit can be maintained for a legacy without a previous demand. *Miles* v. *Boyden*, 3 Pick. 213. *Prescott* v. *Parker*, 14 Mass. 431.

5. The plaintiffs have an adequate remedy at law, by action for the legacy, or on the probate bond. Rev. Sts. *c.* 66, § 16. *Burbank* v. *Whitney*, 24 Pick. 154.

THOMAS, J. This is not a difficult case. There is reasonable certainty, both as to the subject matter and the object of the bequest. It is a gift of a definite sum for a definite purpose; of one thousand dollars to the Universalist Religious Denomination in the county of Berkshire, for the support of that denomination in the usual mode, in its organized parishes. The sum given is to constitute a permanent fund, and the use or interest to be applied for the support of the denomination.

To enforce and regulate the trust this bill is brought by the organized religious parishes of the Universalist denomination in the county of Berkshire. No trustees are named in the will; but it is familiar law that a court of equity will not suffer the trust to fail for want of trustees. The case may be sent to a master to report the names of three suitable persons as trustees.

*Decree accordingly.*