SAMUEL T. SILSBY *vs.* WILLIAM A. BARLOW & others.

A testator gave a legacy " to the Baptist Society in P., the yearly interest of which is to be appropriated to the support of their minister." More than twenty years before the death of the testator a Baptist church had been organized at P., and had ever since maintained its existence; during the same time there had been a meeting-house, owned by pewholders, of whom some were and others were not members of the church, in which worship had been maintained during a considerable portion of the time by members of the church, pewholders and other persons; but no society had ever been organized or incorporated, or held any formal meetings or kept any records. *Held*, that the church was not entitled to receive the bequest; but that the persons usually attending worship in the meeting-house constituted an unincorporated religious society, within the meaning of the Rev. Sts. *c.* 20, § 25; and that an agent or trustee to be elected by the adult male members of such society in the manner provided in that section would be entitled to receive it.

The provisions of the Rev. Sts. *c.* 20, § 25, are not affected by the *Sts.* of 1855, *c.* 314, and 1858, *c.* 133.

CHAPMAN, J. The plaintiff in this bill, as executor of the will of Joseph Lawrence, who died on the 21st of February 1859, seeks the aid and direction of the court in respect to a bequest of ten shares of bank stock " to the Baptist Society in Pocasset, Sandwich, the yearly interest of which is to be appropriated to the support of their minister, while time shall last."

By the testimony of William A. Barlow, and by the church records, it appears that in April 1838 a Baptist church was organized at the village of Pocasset, and has ever since main-

tained its existence. There has been, during the same time, a meeting-house in which worship has been maintained for a considerable portion of the time. It is owned by pewholders, some of whom are members of the church and others are not. There is also what he denominates a society; but it has never been organized or incorporated; it has never held any formal meetings nor kept any records. It consists of those who attend public worship at the meeting-house, whether members of the church, pewholders or others. Barlow has been elected the agent of the church, and appears and answers on its behalf and on behalf of the society, claiming the legacy. On the other hand, the plaintiff contends that the church is not the legatee, that the society has no such existence as enables it to take the legacy, and that for want of an existing legatee the legacy is lapsed. It becomes necessary therefore to consider the true character of the church and society.

A church is understood, among those whose polity is congregational or independent, to be a body of persons associated together for the purpose of maintaining Christian worship and ordinances. A religious society is a body of persons associated together for the purpose of maintaining religious worship only, omitting the sacraments. A church and society are often united in maintaining worship; and in such cases the society commonly owns the property and makes the pecuniary contract with the minister. But in many instances societies exist without a church, and churches without a society. Churches are not corporate bodies, and commonly have no occasion for the exercise of corporate powers. By our statutes their officers have sufficient corporate powers to enable them to hold any property that may be given to their church. Originally all our religious societies were corporate bodies. The towns at first exercised parochial powers, most of the people of this state being of one denomination. But as varieties of opinion sprung up, it became necessary to separate the parochial from the municipal business, and the parishes formed separate organizations. Other religious societies were incorporated by special acts; but many congregations remained unincorporated. Some persons

had conscientious scruples against corporations, and others preferred to manage their religious affairs in a different way. The *St.* of 1811, *c.* 6, § 3, was enacted for the benefit of such persons. It enabled unincorporated religious societies to take and hold property, manage, use and employ the same, choose trustees, agents and officers therefor, and constituted them corporations so far as might be necessary. The same provision was re-enacted in *St.* 1834, *c.* 183, § 5, and in the Rev. Sts. *c.* 20, § 25. The last act was in force when this will took effect.

It is suggested that the *Sts.* of 1855, *c.* 314, and 1858, *c.* 133, both of which are since repealed, may apply to this case. But we are of opinion that they do not. They were not intended to affect the provision above cited from the Revised Statutes.

The legacy in question not being given to the church, Mr. Barlow is not entitled to receive it. But the persons who usually attend worship at the meeting-house, whether members of the church, pewholders or others, constitute such an unincorporated religious society as is provided for in the Rev. Sts. *c.* 20, § 25; and they may choose an agent or trustee pursuant to that section, to whom the legacy should be paid. He should be chosen by the male members who are over twenty one years of age. As the legacy is to constitute a permanent fund, it will probably be most convenient for them to have a full and perfect organization under the statute; but they must judge of the expediency of such a course. *Decree accordingly.*

*T. M. Stetson,* for the plaintiff, and *T. L. Wakefield,* for the residuary legatees, cited *Stebbins* v. *Jennings,* 10 Pick. 183; *Baker* v. *Fales,* 16 Mass. 503; *Weld* v. *May,* 9 Cush. 188; *Going* v. *Emery,* 16 Pick. 114; *Bartlett* v. *King,* 12 Mass. 540; *Bartlett* v. *Nye,* 4 Met. 380; Rev. Sts. *c.* 20, §§ 3, 25, 39; *Sts.* 1855, *c.* 314; 1858, *c.* 133.

*W. H. Wood,* for the defendant Barlow, cited *Tucker* v. *Seaman's Aid Society,* 7 Met. 188; *Washburn* v. *Sewall,* 9 Met. 280; *Winslow* v. *Cummings,* 3 Cush. 358; *Christian Society in Plymouth* v. *Macomber,* 5 Met. 155; *Lawrence* v. *Fletcher,* 8 Met. 153; *Baker* v. *Fales,* 16 Mass. 505.