EMILY E. FAIRBANKS *vs.* EBENEZER G. LAMSON & others.

A will directing the executor to invest the residue of the estate "as he may deem best, as a fund, the annual interest of which shall be applied for the benefit of the sabbath school library of the First Baptist Church in S., or the Baptist Home Missionary Society, whichever may be deemed most suitable," is a good charitable bequest.

BILL IN EQUITY by the granddaughter and sole heir at law of Joanna Fairbanks, of Shelburne, claiming as intestate estate the property bequeathed by the following clause in her will, of which the defendant Lamson was executor: " The rest and residue of my estate of which I shall die seised and possessed I hereby direct my said executor to invest as he may deem best, as a fund, the annual interest of which shall be applied for the benefit of the sabbath school library of the First Baptist Church in Shelburne Falls, or the Baptist Home Missionary Society, whichever may be deemed most suitable." The bill alleged that there remained in the hands of the executor as the residue of the estate of the testatrix, after paying all other legacies, the sum of fourteen hundred dollars or thereabouts, which the executor had refused upon demand to pay to the plaintiff, and the income of which he persisted, against her claim and protest, in paying for the benefit of the sabbath school library of said Baptist Church.

The defendants demurred generally to the bill for want of equity; and the case was reserved for the determination of the full court, and was argued in writing after the last term.

*D. Aiken*, for the defendant.

*S. T. Field*, for the plaintiff.

GRAY, J. Upon the case stated in the bill, both of the purposes, to either of which the testatrix authorized the residue of her estate to be appropriated, were charitable. No object is more clearly charitable, in the sense of the law, than the advancement of religion and education among an indefinite number of persons. *Jackson* v. *Phillips*, 14 Allen, 552, 553. Bequests to missionary societies, foreign or domestic, have been repeatedly upheld as public charities. *Bartlet* v. *King*, 12 Mass. 537. *Burr* v. *Smith*,

7 Verm. 241. Boyle on Charities, 41. Bequests for the circula·
tion and distribution of bibles and other religious books and
tracts are charitable gifts. *Attorney General* v. *Stepney*, 10 Ves
22. *Winslow* v. *Cummings*, 3 Cush. 358. *Bliss* v. *American
Bible Society*, 2 Allen, 334. *Pickering* v. *Shotwell*, 10 Barr, 23.
So are gifts to establish and maintain a library and reading
room, the use of which is not limited to the donors or sub-
scribers. *Drury* v. *Natick*, 10 Allen, 169. The benefit of a sab-
bath school library in this Commonwealth is not ordinarily
limited to the contributors, or to the families of those who
participate in the support of the church with which it is im-
mediately connected, but extends to the poor children of the
congregation, and even of the neighborhood; and we cannot
presume, in the absence of any allegation or proof, that there
is anything peculiar in the management or use of the sabbath
school library in question. The power of determining which of
the two charitable objects mentioned by this testatrix was the
most suitable, as well as the manner of investing the fund, is
to be exercised by the executor. The application of the income,
being limited to charitable purposes, is sufficiently defined in the
will to make the bequest legal and valid. *Saltonstall* v. *San-
ders*, 11 Allen, 446. *Demurrer sustained.*