GILES E. LEACH and Another, Plaintiffs, *v.* CHARLES F. LINDE, Defendant.

70   145
29ap399.

*Action upon a judgment of another State — proof of its laws, of the jurisdiction of the court — complaint — parties.*

In an action brought upon a judgment recovered in another State, the complaint embodied the complaint in the original action and then pleaded the judgment, stated that such judgment was duly given upon certain findings of the jury in the original action, which findings seemed to refer to some of the facts so previously set forth; but the complaint did not say that the judgment was recovered upon the preceding facts.

*Held,* that it was apparent that the pleader meant to aver the exact facts upon which judgment was recovered in another State, and then to plead the judgment as duly recovered upon such facts; that whether he succeeded in this was immaterial, it being sufficient that he had properly pleaded the judgment and had a good cause of action thereon.

That if the facts which preceded the averment of the judgment were to be treated as, in themselves and apart from the judgment, constituting an independent cause of action, the defendant should have applied to have such cause of action separately stated and numbered; that such preceding facts did not affect the cause of action upon the judgment;

That if, however, they were to be treated as mere matter of inducement leading up to the judgment, or as surplusage, the action was still upon the judgment.

The defendant moved to dismiss the complaint upon the ground that the action was brought upon a contract to which a third person was a party, and that such third person was not a party to the action, and a defect of the parties defendant was set up in the answer.

*Held*, that there was nothing in this point, as the judgment sued on was against the defendant alone.

The judgment sued on was recovered in the Superior Court of Wake county, North Carolina. Upon the trial the defendant objected to the introduction of two printed books which were offered to prove the Code of North Carolina, upon the title page of which was a statement to the effect that the volumes were prepared by William T. Dortch, John Manning and John S. Henderson, under chapters 145 and 315 of the Laws of 1881 and under chapter 191 of the Laws of 1883, and on the next page were the words: "Copyright 1883 by William L. Saunders, Secretary of State, for the benefit of the State of North Carolina."

*Held*, that the books purported to be published by the authority of the State of North Carolina, and that they were, therefore, presumptive evidence of its laws.

By the laws of North Carolina, as so proved, the Superior Court of Wake county was shown to be a court of original jurisdiction in all civil actions whereof exclusive jurisdiction was not given to some other court.

*Held*, that this proof was sufficient *prima facie;* that it was for the defendant to show that exclusive jurisdiction of such an action as that in question was given to some other court.

That jurisdiction having thus been shown, the law conferring it must be presumed to exist until proved to have been changed.

Testimony of the defendant, which tended to disprove either the fraud and deceit charged in the original action or that charged in the present action was excluded.

*Held*, that in either case the ruling was correct.

MOTION by the defendant, Charles F. Linde, for a new trial upon exceptions taken by the defendant, upon a trial at the New York Circuit, which resulted in a verdict for the plaintiffs by direction of the court, ordered to be heard at the General Term in the first instance, by an order made and entered on the 16th day of December, 1892.

*Lorenzo Semple*, for the plaintiffs.

*Edward S. Clinch*, for the defendant.

BARRETT, J. :

· This action is upon a judgment of the Superior Court of Wake county, North Carolina. The pleader took the complaint in the North Carolina action, and embodied it almost *in totidem verbis* in the complaint here. He then pleaded the judgment, but did not say that it was recovered upon the preceding facts.

The only connection which is suggested in the complaint between these preceding facts and the judgment as pleaded is the statement that such judgment was duly given upon certain findings of the jury in the North Carolina action, which findings seem to refer to some of these facts.

Comparing the record in the North Carolina action with the facts thus loosely inserted in the present complaint, there can be no doubt of what the pleader designed. He meant to aver the exact facts upon which judgment was there recovered, and then to plead the judgment as duly recovered upon such facts. Whether he has succeeded in this is immaterial. It is sufficient that he has properly pleaded the judgment, and that he has a good cause of action thereon.

If the facts which precede the averment of the judgment are to be treated as, in themselves and apart from the judgment, constituting an independent cause of action, the defendant should have had such cause of action separately stated and numbered. Such preceding facts do not affect the cause of action upon the judgment. If, however, they are to be treated as mere matter of inducement leading up to the judgment, or as surplusage, the action is still upon the judgment. (*Krower* v. *Reynolds*, 99 N. Y. 245.)

The question, therefore, is whether the verdict for the amount of the judgment was properly directed.

When the plaintiffs rested, the defendant moved to dismiss the complaint upon two grounds : *First.* " That the cause of action set forth in the complaint had not been proved. *Second.* That the action is brought upon a contract to which Richard B. Lawrence is a party, and that he is not a party to this action, and that a defect of parties defendant is set up in the answer." There is nothing in the latter point, as the judgment is against Linde alone. As to the first point, the defendant did not contend that the plaintiffs had averred the fraud and deceit for which the North Carolina judg-

ment was obtained, and that the complaint should be dismissed because of a failure of proof on that head. We may say, however, that even if this point had been taken, and it had been conceded that the North Carolina action was founded upon the fraud and deceit averred in the present complaint, the record in that action conclusively establishes the fraud and deceit so averred. The verdict of the jury was specific upon these charges.

The sole question then is whether the foreign judgment was properly proved. The defendant objected to the introduction of two printed books which were offered to prove the Code of North Carolina. We think these books purported to have been published by the authority of that State, and were presumptive evidence of its laws. Upon the title page we find a statement to the effect that the volumes were prepared by William T. Dortch, John Manning and John S. Henderson, under chapters 145 and 315 of the Laws of 1881, and under chapter 191 of the Laws of 1883. The reasonable inference is that these persons were commissioners appointed under the laws so specified, and that these laws were laws of the State of North Carolina. On the page next to the title page are the words: "Copyright 1883 by William L. Saunders, Secretary of State, for the benefit of the State of North Carolina."

It is also a reasonable inference that Mr. Saunders was the Secretary of State of North Carolina.

By section 922 of the laws thus proved, the Superior Court of Wake county was shown to be a court of original jurisdiction in all civil actions whereof exclusive jurisdiction was not given to some other court. That proof was sufficient *prima facie.* It was for the defendant to show that exclusive jurisdiction of such an action as that in question was given to some other court. Jurisdiction having thus been shown, the law conferring it must be presumed to exist until proved to have been changed. (*Raynham* v. *Canton,* 3 Pick. 293.)

But these negative objections were not specifically taken by the defendant at the trial. If they had been, the plaintiffs might have accepted the burden of showing affirmatively the continued existence of the law, and the fact that exclusive jurisdiction of such actions as that which was brought against the defendant in the Superior Court of Wake county had not been given to any other court.

There is also an exception to the exclusion of the defendant's testimony. This testimony either tended to disprove the fraud and deceit charged in North Carolina, or the fraud and deceit charged in this action. In either case the ruling was correct. The fraud and deceit charged in North Carolina were conclusively established by the judgment there. If the fraud and deceit charged here are to be deemed the same as charged in the North Carolina action, the like rule applies. But if not, and if treated independently, there was nothing to disprove, for there was nothing proved.

The exceptions should be overruled, and judgment rendered for the plaintiffs upon the verdict, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Exceptions overruled, and judgment rendered for the plaintiffs upon verdict, with costs.