THE CONGREGATIONAL UNITARIAN SOCIETY of Bernardston, Respondent, *v.* LUCY ANN HALE and GEORGE W. DEBEVOISE, as Execu-tors, etc., of JOSEPH P. HALE, Deceased, Appellants.

*Legacy to an unincorporated religious society of a foreign State — proof, when proper under the pleadings, and sufficient authentication, of the statutes and reports of that State — what determined by the law of the domicile of the testator, and what by that of the legatee — when a gift " in trust" does not create a trust — time within which an action lies against executors, and when the Statute of Limitations runs.*

In an action brought to recover the amount of a legacy, payable under the will of Joseph P. Hale to an unincorporated religious society, located in the State of Massachusetts, the complaint alleged "that, by the laws of said Common-wealth, the plaintiff is now, and always has been, competent to take and hold said legacy, and to sue for and recover the same;" and also that, "at the time of the death of said Joseph P. Hale, it was, and still is, the law of said Com-monwealth that incorporated and unincorporated religious societies may appoint trustees, not exceeding five in number, to hold and manage bequests for their benefit," and that, "before the commencement of this action the plaintiff duly appointed three trustees to hold and manage said bequest, * * * and that each of said trustees has accepted his said appointment, and that said trustees are ready and prepared to receive said bequest and adminis-ter it according to law."

*Held,* that the allegations of the complaint were sufficient to justify the recep-tion in evidence of the statutes of the State of Massachusetts;

That books purporting, in their title pages, to be statutes of Massachusetts, and to have been published by the Commonwealth, and reports of the Supreme Court of Massachusetts, proved by a member of the bar of Massachusetts to be " volumes of the regular reports of the Massachusetts Supreme Court," and to have been obtained from the New York Law Institute of the city of New York, were sufficiently authenticated under the requirements of section 942 of the Code of Civil Procedure.

While the laws of a testator's domicile govern as to the formal requisites essential to the validity of his will, the capacity of the testator and the construction of the instrument, yet the validity of particular bequests depends, unless expressly prohibited by the law of the testator's domicile, upon the law of the domicile of the legatee.

*Semble,* that a bequest to a legatee, an unincorporated Unitarian society, "in trust," with directions to apply the income thereof to the keeping in good order of a cemetery lot connected with the church of the society, "the balance of such annual income to be applied by the said trustees towards the support of the preaching of the Gospel in that society," does not create a trust. That, even if treated as a trust, under the laws of Massachusetts, where the English doctrine of charitable uses is in force, a trust to a religious society for the support of the preaching of the gospel is a public and charitable trust, and is valid, although in perpetuity, and notwithstanding the fact that the society may be a voluntary and unincorporated body; nor is such a bequest invalid under the laws of Massachusetts, because of the provision in regard to the burial lot, as the gift for the support of the preaching of the gospel, if the prior bequest is invalid, is a good gift of the whole sum, discharged from the obligation to keep such lot in good order, the application in regard to the lot being treated as honorary only, and the whole fund going to the charity

The proper construction of section 1819 of the Code of Civil Procedure, relative to an action by a legatee against the personal representatives of a testator, is that the legatee may, after the lapse of one year from the granting of letters and after demand made, sue for his legacy, although the representatives have not judicially settled their accounts, but that until the representatives have settled their accounts the statute does not run against the cause of action.

APPEAL by the defendants, Lucy Ann Hale and another, as executors, etc., of Joseph P. Hale, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of October, 1897, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 21st day of October, 1897, denying the defendants' motion for a new trial made upon the minutes.

*Hugh Porter,* for the appellants.

*Frank G. Wild,* for the respondent.

BARRETT, J.:

This action is brought to recover the amount of a legacy to which the plaintiff claims to be entitled under the 4th clause of the will of Joseph P. Hale, deceased. This clause reads as follows:

" I give, devise and bequeath absolutely unto the Unitarian Society

of Bernardston, Franklin county, Massachusetts, the sum of ten thousand dollars ($10,000), in trust, to be invested by the trustees of that society in good interest paying securities, so much of the annual income thereof as may be necessary to be applied by the said trustees to keep in good order the lot of ground in which my father and mother were buried in the cemetery connected with that church, and the balance of such annual income to be applied by the said trustees towards the support of the preaching of the Gospel in that Society."

The plaintiff is the society named in this clause, and is located at the town of Bernardston in the State of Massachusetts. The society has never been regularly incorporated, but it has existed for many years as an organized religious body. Proof was given upon the trial of its capacity to take this legacy under the laws of Massachusetts. The questions presented by this appeal relate mainly to the admissibility, competency and effect of this proof.

The plaintiff offered in evidence certain parts of the Revised Statutes of Massachusetts. The defendants objected to their admission, primarily, upon the ground that they were not specially pleaded. This objection covered not only the statute of that State, but the decision of its courts. We think the objection was properly overruled. It was alleged in that complaint " that, by the laws of said Commonwealth, the plaintiff is now, and always has been, competent to take and hold said legacy, and to sue for and recover the same." It was also alleged that, "at the time of the death of said Joseph P. Hale, it was and still is the law of said Commonwealth, that incorporated and unincorporated religious societies may appoint trustees, not exceeding five in number, to hold and manage bequests for their benefit;" that "before the commencement of this action the plaintiff duly appointed three trustees to hold and manage said bequest, * * * and that each of said trustees has accepted his said appointment, and that said trustees are ready and prepared to receive said bequest and administer it according to law."

The allegations were sufficient to authorize proof of the laws of Massachusetts. The statutes of that State and the decisions of its courts are evidence of the facts averred. The law is the fact, and that is averred. The case on this head is directly within the rule

laid down in *Schluter* v. *Bowery Savings Bank* (117 N. Y. 131). The allegation there was that the foreign surrogate had jurisdiction " and was duly authorized and empowered by the laws of the State of New Jersey to issue said letters, as aforesaid." Judge EARL, in commenting upon this allegation, said : " We think these allegations were sufficient to authorize proof of the laws of New Jersey, and of the jurisdiction of the surrogate in issuing letters. If the plaintiff desired more specific allegations and was fairly entitled to them, he should have moved to make the answer more specific and definite. The answer gave him every information to which he was entitled. And he might, if he could, have shown that the surrogate had no jurisdiction, and that the laws did not authorize him to grant administration of the estate of Mrs. Knittel."

The case of *Throop* v. *Hatch* (3 Abb. Pr. 24) was there disapproved. *Rothschild* v. *Rio Grande Western Railway Co.* (59 Hun, 454) is cited by the appellants in support of their position, but the view taken in that case is in entire harmony with our present conclusion. The court there observed : " The law of a foreign State is a fact to be alleged and proved, like any other fact. It is not necessary to plead the evidence of the fact, whether such evidence be embodied in the statutes of the foreign State, or in the decisions of its courts. But the fact that a given proposition is the law must be stated, if such fact is essential to a recovery." The primary objection was, therefore, overruled.

The next objection, namely, that the statutes were not properly authenticated, as required by section 942 of the Code of Civil Procedure, was also properly overruled. They purported to be statutes of Massachusetts and to have been published by the Commonwealth. The title pages were sufficiently clear upon this point. This was certainly so as to the Revised Statutes, which were sufficient of themselves to show the plaintiff's competency to sue for and recover this legacy. The title page of these Revised Statutes shows that they were printed and published under " a resolve " of November 3, 1835, and were so published by the State printers. We think all these books, the General Statutes and Public Statutes, as well as the Revised, were sufficiently proved. (*Leach* v. *Linde*, 70 Hun, 145.) The same observation applies to the reports of the Supreme Court of Massachusetts. Certain volumes of these reports were proved by

a member of the bar of Massachusetts to be " volumes of the regular reports of the Massachusetts Supreme Court," and it was also proved that they were obtained from the New York Law Institute of the city of New York. All these laws, whether in the form of statutes or decisions, were properly before the court below, and are properly before us on appeal.

The defendants next contend that these statutes and decisions, even if properly before the court, did not prove that the plaintiff was entitled to the legacy in question. The statutes, in terms, provide that unincorporated societies shall have the like power as incorporated societies, to manage, use and employ, according to its terms and conditions, any donation, gift or grant made to them. One of the appellant's points is that a legacy is not a donation, gift or grant, within the meaning of these statutes. It appears, however, that such legacies have invariably been sustained by the Supreme Court of Massachusetts. The cases there are directly in point. (*Silsby* v. *Barlow*, 82 Mass. 329 ; *Dexter* v. *Gardner*, 89 id. 243 ; *Jackson* v. *Phillips*, 96 id. 539.) These cases were offered in evidence by the plaintiff, and the opinion in *Dexter* v. *Gardner* is printed in full in the record. They are quite conclusive upon the question of the plaintiff's right to this legacy under the laws of Massachusetts.

This brings us to say that it is the laws of that State which govern us as to the competency of the plaintiff to take this legacy. It is well settled in this State that, while the laws of the testator's domicile govern as to the formal requisites essential to the validity of the will, the capacity of the testator and the construction of the instrument, the validity of particular bequests depends (unless expressly prohibited by the law of the testator's domicile) upon the law of the domicile of the legatee. (*Chamberlain* v. *Chamberlain*, 43 N. Y. 424 ; *Matter of Huss*, 126 id. 544 ; *Hope* v. *Brewer*, 138 id. 126.) As Judge GRAY said, in *Matter of Huss* (*supra*), " our laws do not prohibit the bequest or the taking, and the sole question to be considered relates to the legatee's capacity."

Apart from the provision for the care of the burial plot, the bequest is an absolute one for purposes entirely within the objects for which a religious society is organized. It will be observed that the bequest is not to trustees outside of the society, to hold the

principal and apply the income to the religious purposes of the society. The bequest is directly to the legatee, and the direction as to the investment and application, although the words " in trust " are used, is simply a limitation or condition upon the use. It is well settled here that such a bequest does not create a trust in any legal sense, and is not within the rule against perpetuities. ( *Williams* v. *Williams,* 8 N. Y. 525 ; *Trustees* v. *Kellogg,* 16 id. 89 ; *Wetmore* v. *Parker,* 52 id. 454 ; *Fosdick* v. *Town of Hempstead,* 125 id. 581 ; *Bird* v. *Merklee,* 144 id. 544.)

In the absence of any evidence as to the law of Massachusetts upon this particular point, the court was justified in presuming that its law was the same as the law of this State. (*Bath Gas Light Co.* v. *Claffy,* 151 N. Y. 37 ; *Pratt* v. *Roman Catholic Orphan Asylum,* 20 App. Div. 354.) We are not referring, of course, to our statute law.

Even treating the bequest, however, as a trust, it is one which is allowable by the laws of Massachusetts. The proof on that head is entirely clear. The Massachusetts cases already referred to abundantly sustain the plaintiff's position that the English doctrine of charitable uses is a part of the law of that State ; that a trust to a religious society for the support of the preaching of the gospel is a public and charitable trust, and is valid, although in perpetuity, and is equally valid, although the society may be a voluntary body and not incorporated. (See, also, *Universalist Socy.* v. *Fitch,* 74 Mass. 421 ; *Atty.-Gen.* v. *Union Society,* 116 id. 167 ; *Sohier* v. *Wardens,* 12 Metc. 250 ; *Brown* v. *Kelsey,* 2 Cush. 243 ; *King* v. *Parker,* 63 Mass. 71 ; *Fairbanks* v. *Lamson,* 99 id. 533.)

Nor is the bequest invalid under the laws of Massachusetts because of the provision with regard to the burial lot. If that provision stood alone, the case of *Bates* v. *Bates* (134 Mass. 110) is authority for the proposition that the bequest would be void as creating a perpetuity for a use not charitable. A different rule applies where part of the trust direction is valid and part invalid. Thus in the later case of *St. Paul's Church* v. *Attorney-General* (164 Mass. 188) it was held that where the direction as to one-half of the income derivable from the trust property was valid and the direction as to the other one-half was invalid, the former direction took effect. Judge LATHROP

stated the rule as follows: "This is not a case where the charitable trust is of a surplus remaining after an invalid gift has been satisfied. In such cases the validity of the gift to charitable purposes will depend on whether the amount required for the prior gift can be ascertained in order to fix the *amount of the surplus, or on whether the prior gift is merely ' honorary,' as it is termed, and not a legal charge on the fund.* (*Chapman* v. *Brown,* 6 Ves. 404; *Fisk* v. *Attorney-General,* L. R. [4 Eq.] 521; *Hunter* v. *Bullock,* L. R. [14 Eq.] 45; *Dawson* v. *Small,* L. R. [18 Eq.] 114; *In re Williams,* 5 Ch. D. 735; *In re Birkett,* 9 Ch. D. 576.) There is, therefore, as to one-half of the fund, a valid charitable trust, subject to an illegal discretion as to accumulation for the benefit of the grantor or his descendants, which will be rejected."

The cases just cited with approval by Judge LATHROP are directly in point here, and must be deemed to be the law of Massachusetts. The English rule, thus adopted, is that where there is a prior gift to a church of the whole fund, in trust, to keep a grave in repair and apply the residue among the poor, the gift to the latter does not fail by reason of its being a bequest of the residue after a void bequest, but there is *a good gift of the whole, discharged of* the obligation to repair the grave. The obligation to repair is treated as honorary only, and the whole fund goes to the charity.

The remaining question is whether this action can be maintained prior to the rendition of the executors' accounts. It is expressly provided in section 1819 of the Code of Civil Procedure that "if, after the expiration of one year from the granting of letters testamentary or letters of administration, an executor or administrator refuses, upon demand, to pay a legacy or distributive share, the person entitled thereto *may maintain* such an action against him, as the case requires."

It is true that the same section provides that, "for the purpose of computing the time within which such an action must be commenced, the cause of action *is deemed to accrue* when the executor's or administrator's account is judicially settled, and not before." This is clear enough. The latter provision relates exclusively to the running of the Statute of Limitations; the former to the right of action. The legatee *may* maintain his action upon demand after the expiration of the one year. The statute does not run against

him, however, until the executor's account is settled.  It *must* be commenced then under penalty of the running of the statute; *it may*, however, *be* commenced before.  The decisions are not entirely harmonious upon this point, but we think the true construction of the section is that which we have given it.  Our view is strengthened by its history.  The prior provision of the Revised Statutes (2 R. S. 114, § 9) gave the right, upon certain conditions, to bring the action after one year from the granting of letters, and then stopped. Under this it was held that an action was barred after six years from that date.  (*American Bible Society* v. *Hebard*, 51 Barb. 558.) Mr. Throop, in his note on section 1819, points out what he had in mind in drafting it.  "The second sentence," he says, "is new.  It has been prepared to change the rule of law with respect to the Statute of Limitations, laid down in *American Bible Society* v. *Hebard*, 51 Barb. 552; affirmed by the Court of Appeals, 41 N. Y. 619, note; see, also, *Clark* v. *Ford*, 3 Keyes, 370."

There are some minor questions, but they call for no special consideration.  Upon the whole, we think the verdict was properly directed for the plaintiff, and accordingly the judgment should be affirmed, with costs.

VAN BRUNT, P. J., RUMSEY, INGRAHAM and MCLAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.