In re CONGREGATION UNITARIAN SOC. OF BERNARDSTON.

Appeal of HALE et al.

(Supreme Court, Appellate Division, First Department. November 11, 1898.)

**JUDGMENT BY LEGATEE—EXECUTION AGAINST EXECUTORS—LIMITATIONS.**

> The right of a legatee, who has obtained a judgment for his legacy, to commence a proceeding, under Code Civ. Proc. §§ 1825, 1826, for leave to issue execution against the executor, does not accrue until after the entry of judgment; and hence the issuing of an order thereunder by the surrogate requiring the executor to render an intermediate account (section 2725), showing the assets in his hands, is not barred by the mere fact that limitations have run against any application for an accounting for the purpose of compelling the executor to pay the legacy.

Appeal from surrogate's court, New York county.

Application of the Congregation Unitarian Society of Bernardston, against Lucy Ann Hale and another, as executrix and executor of Joseph P. Hale, deceased, for leave to issue execution on a certain judgment recovered by plaintiff against defendants. From an order directing an intermediate accounting to determine the condition of the estate, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Hugh Porter, for appellants.

Frank G. Wild, for respondent.

INGRAHAM, J. The petitioner, having obtained a judgment against the executors for a legacy left to it under the last will and testament of the testator, applied to the surrogate for authority to issue an execution, under the provisions of sections 1825 and 1826 of the Code of Civil Procedure. The testator died in the city of New York in the year 1883, and his last will and testament was admitted to probate on or about October 19, 1883. Letters testamentary were issued to the appellants as executors named in the will. Subsequently the petitioner commenced an action against the executors to recover the amount of a legacy; and on October 13, 1897, judgment was duly entered in favor of the petitioner, against the executors, for the amount of such legacy, with interest, which judgment was affirmed on appeal to this court. 51 N. Y. Supp. 704. That judgment not having been paid, the petitioner applied to the surrogate for leave to issue an execution. In answer to that petition, the executors, among other things, alleged that an accounting had been had between the executors and the parties entitled to the estate of the deceased, out of court, and that the said estate had been duly distributed among the persons entitled thereto, and that at no time since the action referred to in said petition, to wit, the 14th day of April, 1897, have the said executrix and executor, or either of them, either jointly or severally, been in possession of any assets of the estate of the deceased.

By section 1826 of the Code it is provided that where, upon an application for leave to issue an execution, it appears that the as-

sets in the hands of the executors, after payment of all sums charge-able against them for expenses, and for claims entitled to priority as against the plaintiff, are not or will not be sufficient to pay all the debts, legacies, or other claims of the class to which the plain-tiff's claim belongs, the sum directed to be collected by the execu-tion shall not exceed the plaintiff's just proportion of the assets. By this answer of the executors a question was presented, to be determined by the surrogate, as to the amount of the assets of the estate in the hands of the executors. And by Code, § 2725, subd. 1, it is provided that the surrogate may, in his discretion, make an order requiring an executor or administrator to render an inter-mediate account "where an application for an order, permitting an execution to issue on a judgment against the executor or admin-istrator, has been made by the judgment creditor, as prescribed in section 1826 of the act." Laws 1893, p. 1702. Thus, by the express provisions of the Code, the surrogate, in his discretion, had the power to require an intermediate accounting upon such an applica-tion to determine the question of the amount of assets in the hands of the executors. The defense of the statute of limitations inter-posed by the executors is no bar to this application. The right of the judgment creditor to commence a proceeding for leave to issue execution upon this judgment did not accrue until after the entry of the judgment, and that judgment was not entered until after October 13, 1897. The inquiry upon this application relates to the assets of the estate in the hands of the executors at the time the application was made; and, under the provisions of the Code before cited, the surrogate had to determine what, if any, assets were in the hands of the executors at that time; and, to determine that question, he was authorized to order an intermediate accounting. The fact that the statute of limitations has run against any appli-cation for an accounting for the purpose of compelling, in that pro-ceeding, the executors to pay a legacy, is not a bar to this proceed-ing, which is simply for leave to issue execution on a judgment against the judgment debtors. Whether plaintiff can collect any-thing on that execution cannot be determined in this appeal.

The order appealed from is right, and is affirmed, with costs. All concur.