(25 Misc. Rep. 469.)

In re LEO–WOLF'S ESTATE.

(Surrogate's Court, New York County. December, 1898.)

WILLS—BEQUEST IN TRUST FOR SPECIFIC PURPOSE.
    That a bequest made directly to a corporation was expressed to be in trust for a specific corporate purpose does not render it invalid.

Judicial settlement of the accounts of the executors of the will of Henrietta V. Leo-Wolf, deceased.

Lucius H. Beers, for executors.

Lord, Day & Lord and Richard M. Bruno, for legatees.

Lockwood & Hill, for Connecticut church.

Frederick W. Adee, special guardian.

FITZGERALD, S. The bequests, whose validity is questioned in this proceeding for the judicial settlement of the accounts of the executors of the will of the decedent, are given to the Episcopal Society of St. Andrew's Church, in the town of Stamford, and state of Connecticut, to be held by the society in trust to invest the same, and apply the income thereof to the glory of God, and in furtherance of the religious and charitable work of said society. The legality of the bequests depends upon the ability of the legatee, under the laws of the state where it exists or is domiciled, to take and administer them for the purposes for which they were given. In re Huss, 126 N. Y. 537, 27 N. E. 784; Hope v. Brewer, 136 N. Y. 126, 32 N. E. 558; Society v. Hale, 29 App. Div. 400, 51 N. Y. Supp. 704; In re Lang's Will (Sur.) 30 N. Y. Supp. 388. The evidence which has been taken relative to the formation of the society, and to its power to receive and hold gifts made by will, was competent and sufficient for the purpose of showing, and I am satisfied that it amply shows, that the

society at the time of the death of the testator was capable of taking, under the laws of the state of Connecticut, the bequests in question, and that the purposes for which they were made were among those for the promotion and furtherance of which the society was organized. Genet v. Canal Co., 13 Misc. Rep. 409, 35 N. Y. Supp. 147. As a part of such evidence, the following cases, except the last, were cited, and these cases so cited, apart from the other evidence submitted in connection with them upon the hearing, recognize, as does such last case, the right of societies similar in character to that of the present legatee, and located in the state of Connecticut, to take by bequest under its laws. Wardens, etc., v. Hall, 22 Conn. 125; Goodrich's Appeal, 57 Conn. 275, 18 Atl. 49; Jacobs v. Bradley, 36 Conn. 365; Hayden v. Hospital, 64 Conn. 324, 30 Atl. 50. The circumstance that the bequests, although directly made to the society, were expressed to be in trust for the purposes specified, renders them no less effectual as gifts to the legatee than if such expression had been entirely omitted. Society v. Hale, 29 App. Div. 396, 51 N. Y. Supp. 704; Wetmore v. Parker, 52 N. Y. 450; Preston v. Howk, 3 App. Div. 47, 48, 37 N. Y. Supp. 1079, affirmed 154 N. Y. 734, 49 N. E. 1103; In re Wesley (Sup.) 17 N. Y. Supp. 304; Bird v. Merklee, 144 N. Y. 550, 39 N. E. 645. The direction given by the testatrix, in the sixth clause of her will, in respect to the disposition to be made of the portraits therein mentioned, seems to me to be valid. The objection that there is no one who has a pecuniary or property interest in the enforcement of the direction is no more tenable in this case than would be a similar objection to a provision in a will for an expenditure for a monument or tombstone for the testator. Such a provision is unquestionably lawful. In re Boardman's Will (Sur.) 20 N. Y. Supp. 60; In re Frazer, 92 N. Y. 239.

The decree to be entered should conform to these views. Decreed accordingly.