HOLLISTER, Respondent, vs. McCORD and another, Appellants.

*September 26 — October 15, 1901.*

*Evidence: Laws of another state: Publication "by authority."*

A publication entitled "Statutes of Minnesota, 1894," stating, on the title page, that it contains the statutes of that state in force December 31, 1894, compiled by W. and others, and containing, on the opposite page, an act of the Minnesota legislature entitled "an act relating to the compilation of the general laws of Minnesota, by W. and others," designating such compilation as the general laws in force at the time mentioned, and declaring it to be competent evidence of the acts, etc., therein contained in all courts of that state,—*purports to be published* under the authority of Minnesota, within the meaning of sec. 4136, Stats. 1898, and is therefore presumptive evidence as to the laws of Minnesota in the courts of this state.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

For the appellants there was a brief by *Sanborn, Luse & Powell* and *Henry L. de Forest,* and oral argument by *L. K. Luse.*

For the respondent there was a brief by *Ross, Dwyer & Hile,* attorneys, and *Davis, Hollister & Hicks,* of counsel, and oral argument by *W. D. Dwyer.*

CASSODAY, C. J.    It appears from the record that this action was commenced March 8, 1900, in the circuit court for

Douglas county, to recover the amount of a judgment against
the defendants and in favor of one Frank L. Doyle, rendered
May 12, 1898, in the circuit court of the United States for
the district of Minnesota, for $14,066 damages, besides costs
to be taxed, in an action commenced July 15, 1897, which
judgment was in all things affirmed by the United States
circuit court of appeals October 2, 1899, and the costs thereon
taxed and made a part of the judgment. That judgment
was assigned to the plaintiff herein by Frank L. Doyle,
February 19, 1900; being a few days before the commence-
ment of this action. The answer of the defendant *Warren
E. McCord* admits the rendition of such judgment, and its
affirmance, and that no part thereof had been paid; but
denies any knowledge, or information sufficient to form a
belief, as to the making of such assignment, or whether the
rate of interest on such judgment under the statutes of Min-
nesota was or is seven per cent. per annum, and denied all
other allegations of the complaint. The answer of the de-
fendant *McCord Lumber Company* makes similar admissions
and denials, and also alleges that it is a corporation organized
under the laws of this state, having its office and principal
place of business at Superior; that, since April 1, 1897, it had
no office or agency in Minnesota, and had done no business
in that state; that July 15, 1897, while *Warren E. McCord,*
the president of said corporation, was temporarily in Duluth,
copies of the summons and complaint in the action in the
federal court mentioned were delivered to him personally;
that *McCord,* as president of the corporation, was then in
Duluth for the purpose of conferring with certain individuals
in relation to the delivery to the company of certain pine
logs located wholly in Wisconsin; that August 3, 1897, the
defendant corporation appeared specially, and moved to set
aside such service, which motion was denied; that, by reason
thereof, the defendant corporation appeared therein and went
to trial upon the merits, and thereafter prosecuted its writ

of error from the United States circuit court of appeals; and that, by reason of such facts, it alleges that the federal court never got jurisdiction of the defendant corporation.

A jury being waived and trial had by the court of the issues so formed, at the close thereof the court found as matters of fact, in effect, that the *McCord Lumber Company* was a Wisconsin corporation, as stated; that the summons and complaint were served upon *Warren E. McCord* personally, and also on him as president of the corporation, July 15, 1897; that on motion to dismiss the action in the federal court for want of jurisdiction, and after full hearing upon affidavits and counter affidavits, that court, in February, 1898, found against both defendants as to the law and the facts, and that that court had jurisdiction of both defendants; that the order or judgment entered thereon had never been reversed nor set aside; that the judgment was entered and affirmed, and the costs taxed, as stated; that the assignment from Doyle to the plaintiff was made, as stated; that such judgment was obtained, entered, and docketed in the United States court May 12, 1898, and that the legal rate of interest thereon since the date of such entry was and is seven per cent. per annum, and that no part thereof had been paid. And, as conclusions of law, the court found that the federal court had jurisdiction of both defendants and the subject matter of the cause of action at all times during the pendency of that action in that court, and at the date of the entry of said judgment; that the defendants were and are indebted to the plaintiff herein on said judgment for the amount of damages mentioned, with costs and disbursements as taxed, and interest at the rate of seven per cent. per annum, amounting in all, on October 17, 1900, to $16,526.73, as damages. Judgment thereon was ordered accordingly. From the judgment so entered thereon for the amount of such damages, and $49.94 costs herein, as taxed, the defendants appeal.

Hollister vs. McCord and another.

On the trial, the court admitted in evidence two printed volumes, claimed by the plaintiff to be the laws of Minnesota. One of those volumes has printed upon the back the words and figures: "Statutes of Minnesota. 1. 1894. Sections 1 to 4821." And the other has printed on the back thereof the words and figures: "Statutes of Minnesota. 2. 1894. Sections 4822 to 8054, General Index." On the first printed page of volume 1 is the following:

THE

GENERAL STATUTES

OF THE

STATE OF MINNESOTA

As Amended by Subsequent Legislation, with which are Incorporated All General Laws of the State in Force December 31, 1894.

COMPILED AND EDITED BY

HENRY B. WENZELL, Assisted by EUGENE F. LANE

WITH ANNOTATIONS BY

FRANCIS B. TIFFANY and Others

AND A GENERAL INDEX BY THE EDITORIAL STAFF OF THE NATIONAL REPORTER SYSTEM.

COMPLETE IN TWO VOLUMES

VOL. 1

CONTAINING THE CONSTITUTION OF THE UNITED STATES, THE ORDINANCE OF 1787, THE ORGANIC ACT, ACT AUTHORIZING A STATE GOVERNMENT, THE STATE CONSTITUTION, THE ACT OF ADMISSION INTO THE UNION, AND SECTIONS 1 TO 4821 OF THE GENERAL STATUTES.

ST. PAUL, MINN.

WEST PUBLISHING CO.

1894.

Hollister vs. McCord and another.

And the first printed page of volume 2 is the same, except that between the words "two volumes" and the words "St. Paul, Minn." are the following words and figures: "Sections 4822 to 8054 of the General Statutes, and the General Index." On the fly leaf opposite the title page of each volume is the following:

"LEGISLATIVE AUTHORIZATION.

"An act relating to the compilation of the General Laws of Minnesota by Henry B. Wenzell and others and to declare such compilation competent evidence of the law in all courts of this state.

"Be it enacted by the legislature of the state of Minnesota:

"Section 1. The General Laws of the State of Minnesota in force December thirty-first (31), one thousand eight hundred and ninety-four (1894) as compiled by Henry B. Wenzell and others, and entitled the General Statutes of the State of Minnesota, are hereby declared competent evidence of the several acts and resolutions therein contained in all courts of this state without further proof or authentication, and shall be known and cited as 'General Statutes 1894.'

"Sec. 2. This act shall take effect and be in force from and after its passage.

"*Approved February 26, 1895.*"

Counsel for the defendants make two objections to the judgment. One is in finding that the federal court had jurisdiction of the defendant corporation; and the other is in allowing interest at the rate of seven per cent. per annum upon that judgment. The only error assigned is in admitting in evidence the two volumes claimed to be the laws of the state of Minnesota. If those volumes were properly admitted in evidence, then it is conceded that the findings of the trial court are proper, both as to the rate of interest and the service of process and jurisdiction of the federal court. The only question calling for consideration, therefore, is whether such volumes were properly admitted in evidence. They were admitted in evidence by the trial

court under the provision of our statute which declares, that: "Printed copies of the statute laws, and all acts and resolves of the Congress of the United States, or of the legislature of any state or territory of the United States, *if purporting to be published under the authority* of their respective governments, or if commonly admitted and read as evidence in their courts, shall be admitted in all courts, and on all other occasions, in this state as presumptive evidence of such laws, acts and resolves." Sec 4136, Stats. 1898. This statute required the trial court to admit such volumes in evidence, if they *purported* "to be published under the authority of" the state of Minnesota, or if they were "commonly admitted and read as evidence in" the courts of that state. As indicated in the statement, they are named on the outside as "Statutes of Minnesota. 1894,"— giving the respective volumes and sections. On the inside they are designated as "The Statutes of the State of Minnesota," and as containing "all general laws of the state in force December 31, 1894. . . . Complete in two volumes." These volumes, with such expressions outside and inside of them, may purport to contain the statutes of Minnesota in force December 31, 1894; but, in order to be admitted in evidence under the section of our statute quoted, they must purport "to be *published* under the authority" of that state. That requirement of our statute is, as we think, satisfied by the act of the legislature of that state approved February 26, 1895, and found on the fly leaf opposite the title page of these volumes. That act is given in full in the foregoing statement. The act is entitled, "An act relating to the compilation of the General Laws of Minnesota by Henry B. Wenzell and others;" and the act expressly declares them to be "the General Laws of the State of Minnesota in force December 31, 1894," as compiled by Henry B. Wenzell and others, and such statutes are thereby "declared competent evidence of the several acts and resolu-

tions therein contained in all courts of this [that] state without further proof or authentication." We must hold that such volumes do purport to be published under the authority of the state of Minnesota. Such, manifestly, is the meaning intended to be conveyed by the act of the legislature in question. Such is the meaning of the word "purport" or "purporting." Thus, under a statute similar to our own, it has been held in Alabama that:  .

"If the printed statutes of another state or territory purport on their face to be published by the authority of such government, they are admissible in evidence without further proof, although such publication may appear to have been done by a private person under the authority of the law-making power of such government." *Falls v. U. S. S., L. & B. Co.* 97 Ala. 417.

So, in Massachusetts, it has been held, that: "A volume purporting to contain the laws of another state, with the words 'By authority' printed on the title page, sufficiently shows that it is printed by authority of the legislature of that state to warrant its admission in evidence under" a statute similar to ours. *Merrifield v. Robbins,* 8 Gray, 150. To the same effect: *Wilt v. Cutler,* 38 Mich. 189; *Paine v. L. E. & L. R. Co.* 31 Ind. 283; *Leach v. Linde,* 70 Hun, 145, affirmed in 142 N. Y. 628; *Congregational U. Soc. v. Hale,* 29 App. Div. 396, 399. We must hold that the two volumes in question were properly admitted in evidence.

*By the Court.*— The judgment of the circuit court is affirmed.