1. COURTS (§ 108*)—FOREIGN STATUTES—OPINIONS OF COURTS.
   To prove the construction of statutes of another state, decisions of its appellate courts should be introduced in evidence.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 361; Dec. Dig. § 108.*]

2. CORPORATIONS (§ 668*)—LIMITATION OF ACTIONS (§ 84*)—FOREIGN CORPORATIONS—ABSENCE FROM STATE—PROCESS—SERVICE—"AGENT."
   An "agent," within Code Pub. Gen. Laws Md. 1904, art. 23, § 411, permitting service of process upon "any agent" of a foreign corporation, must be one upon whom it may be presumed the duty devolves to com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

municate the fact of service to the corporation; and hence defendant foreign corporation, having no other representatives in Maryland than mere selling agents, was not subject to service of process, as affecting limitations under a Maryland statute, which provides that, if any person liable to suit shall be absent from the state when the cause of action accrues against him, he shall have no benefit of the statute of limitations, etc.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2627; Dec. Dig. § 668;* Limitation of Actions, Dec. Dig. § 84.*

For other definitions, see Words and Phrases, vol. 1, pp. 262–270; vol. 8, p. 7569.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by John K. Duryee against the Sunlight Gas Machine Company. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Wilber, Norman & Kahn (Samuel J. Reid, of counsel), for appellant.

Luce A. Davis (Charles D. Donohue, of counsel), for respondent.

LEHMAN, J. The plaintiff, a resident of Maryland, sues upon a cause of action arising in Maryland and governed by the statute of limitations of that state. This statute (Code Pub. Gen. Laws Md. 1904, c. 57, § 1) was introduced in evidence, and provides that:

"All actions of account, actions of assumpsit or on the case, actions of debt on simple contract, * * * shall be commenced, sued or issued within three years from the time the cause of action accrued."

The present action is one on contract, and accrued more than three years before it was commenced. The Maryland statute, however, contains a further clause, viz.:

"If any person liable to any action shall be absent out of the state at the time when the cause of action may arise or accrue against him, he shall have no benefit of the limitation herein contained if the person who has the cause of action shall commence the same after the presence in this state of the person liable thereto within the terms herein limited." Article 57, § 5.

[1] In this case the defendant is a New Jersey corporation and none of the officers have been in the state of Maryland since the plaintiff's cause of action accrued. Apparently, therefore, the statute of limitations has not begun to run against the defendant, for it seems that it was absent from the state during this time. The defendant claims that under the decisions of the courts of the state of Maryland interpreting this section it has been held that the word "absent" does not mean physically absent, but means not amenable to the process of the state. It would seem that if the defendant expects to rely on decisions of the state of Maryland to prove the law of that state, even in regard to the meaning of the statute, these decisions should have been introduced in evidence. Congregational Unitarian Society v. Hale, 29 App. Div. 396, at page 400, 51 N. Y. Supp. 704. There is, however, no reason why we should not adopt the reasoning of these cases, so far as it bears upon the proper interpretation of the statute, even if the decision is not conclusive upon us. For the pur-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pose of this appeal it seems to me that we may therefore well hold that the statute has run against the defendant in Maryland if it was amenable to process in that state.

[2] To prove that process could have been served upon it the defendant introduced in evidence volume 1, art. 23, §§ 409 to 417, of the General Laws of Maryland governing service of process on corporations. Section 411 permits service of process upon "any agent" of a foreign corporation. The defendant has further shown that it had "a number of agents in nearly every county." It has had "agents" in the city of Baltimore since 1903. By "agents," the witness testified, he means "selling agents, who handled our product and received complaints." And in answer to the question, "Are they permanent selling agents?" he answered, "Yes." The trial justice has held that the testimony is sufficient to show that defendant had "agents" upon whom process could be served in Maryland. He relies for his authority upon the case of Central of Georgia Railway Co. v. Eichberg, 107 Md. 363, 68 Atl. 690, 14 L. R. A. (N. S.) 389, in which it was held that an agent whose duties were confined to soliciting business over the joint lines of two transportation companies, which paid jointly the expense of maintaining an office in Baltimore, was an agent upon whom process could be served. The court there said:

"While it is true that, when process is served on an agent of a foreign corporation, the service must be upon such an agent as represents the corporation with respect to business which it does within the state, yet the general principle, apart from statutory provision in regard to all corporations, is that process is sufficient if served upon some person upon whom it may fairly be presumed the duty devolves by virtue of his official position, or of his employment, to communicate the fact of service to the governing power of the corporation."

This opinion is quite in accordance with the decisions of our own courts and our own statute in regard to the service of process on foreign corporations. An agent must be some person upon whom it may fairly be presumed the duty devolves to communicate the fact of service to the governing power of the corporation. It seems to me that, where a corporation has "several selling agents in nearly every county," it is not a fair presumption that these agents are persons upon whom the duty devolves to communicate the fact of service to the governing power of the corporation. I do not think that we can close our eyes to the custom that has grown up amongst certain large manufacturers, making every retail dealer handling their products a "selling agent," giving the "agent" power to sell the goods, but keeping title in themselves, in order that they may be able to control prices to the ultimate customer. I do not mean to imply that defendant's selling agents in this case are shown to have been that kind of agent; but the word "selling agent" has frequently such limited significance that I believe that, in the absence of further proof of their duties and authority, no inference can be drawn that process could be served on them. The defendant, to establish the running of the statute, must show that, though actually absent, it was still amenable to process; and this it has failed to do.

The appellant also urges that under section 137 of article 23 of the Public General Laws of Maryland the defendant·is barred from urging that the statute has run against it. As these statutes were not proven, we have no right to consider their effect.

Judgment should be reversed, and· a new trial ordered, with costs to appellant to abide the event. All concur.